## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JERBEIN MEJIA,** | : | **Case No. C-1-01-688** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Judge Arthur S. Spiegel** |
| | : | |
| **DON DEWITT, WARDEN,** | : | **Magistrate Judge Jack Sherman** |
| **Respondent.** | : | |

---

## RESPONDENT DON DEWITT'S <u>AMENDED</u> ANSWER AND RETURN OF WRIT

---

JERBEIN MEJIA
Inmate No. 391-808
Ross Correctional Institution
P.O. Box 7010
Chillicothe, Ohio 45601-7010
Petitioner, *Pro Se*

WILLIAM R. GALLAGHER
Arenstein & Gallagher
114 E. Eighth Street
Cincinnati, Ohio 45202
wrg35@aol.com
(513) 651-5666
Attorney for Petitioner

JIM PETRO (0022096)
Ohio Attorney General

BRUCE D. HORRIGAN (0047170)
Assistant Attorney General
Corrections Litigation Section
615 West Superior Ave., 11th Floor
Cleveland, Ohio 44113-1899
bhorrigan@ag.state.oh.us
(216) 787-3030
(216) 787-3480 Fax

Attorney for Respondent
Don DeWitt, Warden

# M E M O R A N D U M

On October 9, 2001, pursuant to 28 U.S.C. § 2254, Petitioner, through counsel, filed a petition for writ of habeas corpus in the United States District Court, Southern District of Ohio, Western Division.  (Doc. 1).  On January 9, 2002, Respondent filed an answer and return of writ. (Doc. 3).  Nearly one year later, Petitioner, *pro se*, began to pursue additional claims in a delayed application for reopening his state court appeal.  After exhausting his appeals, Petitioner, *pro se*, filed a motion for leave to amend his petition to include two additional claims alleged to have been presented in the unsuccessful application for reopening.  (Doc. 8).  On August 21, 2003, this Court granted Petitioner's motion for leave to amend and ordered Respondent to file an amended answer and return of writ.  (Doc. 9).  This amended answer and return of writ addressing Petitioner's four grounds for relief now follows.

Jerbein Mejia, inmate #391-808, is a person in state custody.  Respondent, Don DeWitt is the Warden of the Ross Correctional Institution, Chillicothe, Ohio.  As Warden, he maintains custody of Petitioner, pursuant to a judgment of conviction and sentence issued by the Court of Common Pleas for Hamilton County, Ohio, upon convictions for the following offenses: *count one,* possession of cocaine in an amount exceeding 100 grams but, not exceeding 500 grams, in violation of R.C. 2925.11(A); *counts two, five and seven*, preparation of cocaine for sale, in an amount exceeding five grams, in violation of R.C. 2925.07(A); *count three*, trafficking in cocaine, in an amount exceeding 500 grams but, not exceeding 1000 grams, in violation of R.C. 2925.03(A); *count four*, possession of cocaine, in an amount exceeding 500 grams but, not exceeding 1000 grams, in violation of R.C. 2925.11(A); and *count six*, possession of cocaine, exceeding 1000 grams, in violation of R.C. 2925.11(A).  (Exhibit 4, Hamilton County Court of Common Pleas Case No. B9906276).  Respondent denies each and every ground for relief

contained in the petition for writ of habeas corpus except for those grounds expressly admitted in the instant return and attachments hereto.

I.    **STATEMENT OF FACTS**

**Respondent's statement of facts pertaining to Petitioner's case is adopted from the Judgment Entry and Decision filed on direct appeal in the Ohio Court of Appeals for the First Appellate District, Exhibit 9 at pages 2-3, and are essentially as follows:**

On August 19, 1999, a confidential informant purchased 27.04 grams of cocaine from Dennis Mikolay. Following his arrest, Mikolay informed the police that his supplier was Mejia. He told officers that he had purchased fifteen ounces of cocaine from Mejia on August 16, 1999. Mikolay stated that he had been regularly selling cocaine for Mejia for at least six months prior to his August arrest. After securing a search warrant, officers recovered a total of 466.1 grams of cocaine from a safe in Mikolay's residence.

Agent Jay Gramke then arranged for Mikolay to buy an additional twenty ounces of cocaine from Mejia at Mikolay's residence. The purchase was negotiated on a cellular phone, and the conversation was tape-recorded. Mikolay and Mejia arranged for the drug transaction to occur at 9:00 p.m. later that day. During the conversation, Mikolay referred to the quantity of cocaine that he had purchased on August 16.

The officers maintained surveillance of two residences in Butler County: Mejia's residence on Aster Park and another apartment in the same complex, at 5364 Blossom. The officers observed Mejia and Nicolas Pena leave the Aster Park apartment and enter the apartment at 5364 Blossom. After a short time, Mejia and Pedro Polanco left the apartment complex in a gold Honda Accord. Soon after Mejia and Polanco departed, Pena left the 5364 Blossom apartment carrying a bag and got into a white pickup truck.

The officers followed Mejia and Polanco from Butler County to a location near Mikolay's house in Green Township, Hamilton County. The officers stopped the Accord occupied by Mejia and Polanco and, a short time later, in the same location, stopped the pickup truck driven by Pena. They found approximately 563 grams of cocaine in the truck, but no contraband in the automobile. Both Mejia and Pena were found in possession of Mikolay's telephone and pager numbers.

A consensual search of Mejia's residence at 5310 Aster Park uncovered an airline baggage ticket from the Dominican Republic to New York and a paper that, according to investigating officers, documented drug transactions. A search of the 5364 Blossom residence revealed 1397.2 grams of cocaine, approximately $30,000 in cash, scales, plastic bags, a quantity of non-cocaine powder (*fn.1*: the evidence indicated that non-cocaine powder is customarily used to dilute, or cut, cocaine to increase profits from the sale of the drug), and a number of papers reflecting drug transactions. The names on those papers matched the names listed on the paper found in Mejia's Aster Park residence. Mejia's fingerprints were found on one of the papers recovered from the Blossom apartment.

## II.    PROCEDURAL POSTURE

On August 27, 1999, the Grand Jury for Hamilton County, Ohio returned a seven count indictment charging Petitioner with the following offenses: *count one,* possession of cocaine in an amount exceeding 100 grams but, not exceeding 500 grams, in violation of R.C. 2925.11(A), a felony of the second degree; *counts two, five and seven*, preparation of cocaine for sale, in an amount exceeding five grams, in violation of R.C. 2925.07(A), felonies of the fourth degree; *count three*, trafficking in cocaine, in an amount exceeding 500 grams but, not exceeding 1000 grams, in violation of R.C. 2925.03(A), a felony of the first degree; *count four*, possession of

cocaine, in an amount exceeding 500 grams but, not exceeding 1000 grams, in violation of R.C. 2925.11(A), a felony of the first degree; and *count six*, possession of cocaine, exceeding 1000 grams, in violation of R.C. 2925.11(A), a felony of the first degree.  (Exhibit 2, Hamilton County Court of Common Pleas Case No. B-9906276).

On March 13, 2000, the jury found Petitioner guilty on all seven counts of the indictment. (Exhibit 3).  On that same date, Petitioner was sentenced to the following terms of incarceration: count one – eight (8) years; count two – eighteen (18) months; count three – ten (10) years; count four - ten (10) years; count five – eighteen (18) months; count six – ten (10) years; and count seven – eighteen (18) months.   Counts one, two, three, four, five and seven were imposed concurrently with each other but consecutively to count six, for an aggregate sentence of twenty (20) years.  (Exhibit 4, Hamilton County Court of Common Pleas Case No. B-9906276).

A.    **Petitioner's Direct Appeal**

On March 24, 2000, Petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals for the First Appellate District from the judgment of conviction and sentence entered on March 13, 2000.   (Exhibit 6, Case No. C-000225).   On July 19, 2000, Petitioner, through counsel, filed a Brief and Assignment of Error.   Petitioner raised ten assignments of error, to wit:

> I.    The finding of guilt as to count one was against the manifest weight of the evidence.
>
> II.    The finding of guilt as to count two was against the manifest weight of the evidence.
>
> III.    The finding of guilt as to count one is against the sufficiency of the evidence.
>
> IV.    The finding of guilt as to count two is against the sufficiency of the evidence.

V.      It was prosecutorial misconduct for the State's prosecutor to tell the jury that appellant failed to prove an important fact to them.

VI.     The finding of guilt as to count seven was against the manifest weight of the evidence.

VII.    The finding of guilt as to count seven is against the sufficiency of the evidence.

VIII.   It was prosecutorial misconduct to provide the jury with a history of drug trafficking.

IX.     It was prosecutorial misconduct for the prosecutor to vouch for his witness.

X.      Appellant was not afforded effective assistance of counsel.

(Exhibit 7, Case No. C-000225).  On October 12, 2000, the State filed a brief opposing the assignments of error raised by Petitioner.  (Exhibit 8, Case No. C-000225).  On December 8, 2000, the state appellate court issued its Judgment Entry and Decision affirming the trial court's judgment of conviction.  (Exhibit 9, Case No. C-000225).

On January 17, 2001, Petitioner, through counsel, filed a Notice of Appeal and Memorandum in Support of Jurisdiction in the Ohio Supreme Court. (Exhibits 10 & 11, Case No. 01-108).  Petitioner raised ten propositions of law, to wit:

**Proposition of Law One:** Whether an individual cannot possess a controlled substance which he has already sold and transferred to another party three days earlier, and that controlled substance is then secured in a safe in this other party's home.

**Proposition of Law Two:** Whether an individual who is no longer in possession of a controlled substance cannot be held criminally liable for a charge of preparation of cocaine for sale three days after he has completed the drug sale and the cocaine is then subdivided into ounce units by the party who purchased it and how is in complete possession of it.

**Proposition of Law Three:** Whether Appellant's lack of actual or

6

constructive possession of a quantity of cocaine that has already been sold to a third party, three days previously, relieves him of any further criminal responsibility for the same quantity of cocaine and its future locations.

**Proposition of Law Four:** Whether Appellant's continued lack of actual or constructive possession of a quantity of cocaine that has been sold to a third party, who then subdivides it into smaller quantities for sale, absolves him of continued responsibility for a completed criminal act.

**Proposition of Law Five:** Whether comment from the state's prosecutor that a defendant fails to prove his voice is not the voice on a secretly tape recorded phone call negotiating a drug sale, improperly shifts the burden of proof to the accused and was prejudicial to appellant.

**Proposition of Law Six:** Whether the mere presence of a large quantity of cocaine does not mean that it is necessarily prepared for distribution.

**Proposition of Law Seven:** Whether the mere presence of a large quantity of cocaine does not mean that is it necessarily prepared for distribution.

**Proposition of Law Eight:** Whether the presentation of testimony by a police officer qualified as an expert in the manner of drug traffickers and the way they do business should have been limited to the facts and circumstances of the underlying case and not an all inclusive detailed history of drug trafficking.

**Proposition of Law Nine:** Whether vouching for a witness whose credibility is the lynchpin of the state's case is prejudicial to an accused.

**Proposition of Law Ten:** Whether the failure of trial counsel to properly attack counts one and two of the indictment as not belonging in this prosecution at any point during the trial, failure to object to improper closing argument by the state's prosecutor, failure to adequately confront the state's main witness, Dennis Mikolay on cross-examination, and failure to object to improper testimony on the history of drug trafficking did not afford appellant with effective assistance of counsel as contemplated in the sixth and fourteenth amendment to the United States constitution.

7

(Exhibit 11, Case No. 01-108).  On February 6, 2001, the State filed a brief opposing the propositions of law raised by Petitioner.  (Exhibit 12, Case No. 01-108).  On April 4, 2001, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.  (Exhibit 13, Case No. 01-108).

### B.    Federal Action - Petition for Writ of Habeas Corpus

On October 9, 2001, Petitioner, through counsel, filed the instant Petition for Writ of Habeas Corpus, raising the following grounds for relief:

> **Ground One:** The conviction was obtained through the use of prosecutorial misconduct in violation of Mr. Mejia's 6th and 14th Amendment right to a fair trial and due process of law.
> **Supporting Facts:**    (1) Prosecutor improperly shifted the burden of proof to the defendant; (2) Prosecutor improperly vouched for the credibility of his witnesses, (3) Prosecutor… [sic]
>
> **Ground Two:**    The conviction was the result of ineffective assistance of trial counsel in violation of Mr. Mejia's 6th and 14th Amendment right to a fair trial, effective representation and due process of law.
> **Supporting Facts:**    Trial counsel failed to object to specific instances of prosecutorial misconduct, failed to object to highly prejudicial and irrelevant evidence and failed to adequately cross-examine the primary prosecution witness.

(Doc. 1, Petition).  On January 9, 2002, Respondent filed an answer and return of writ.  (Doc. 3). The petition was subsequently amended to include two additional grounds for relief.

### C.    Delayed Application for Reopening Appeal – App.R. 26(B)

On December 2, 2002, Petitioner, *pro se*, filed a delayed application for reopening his direct appeal in the Ohio Court of Appeals for the First Appellate District Case No. B-9906276. Petitioner hoped to argue ineffective assistance of appellate counsel for failing to assign error for the trial court's imposition of maximum consecutive sentences.  (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibit C).  On March 11, 2003, the state appellate court

denied the application for reopening for failing to demonstrate good cause for his delay. (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibit D).

On April 3, 2003, Petitioner filed a notice of appeal from the denial of his delayed application together with a memorandum in support of jurisdiction in the Ohio Supreme Court. (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibits F & G). On June 11, 2003, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (See, Doc. 8, Motion for Leave to Amend Habeas Corpus, attached decision in Ohio Supreme Court Case No. 03-607).

### D.    Federal Action – **Amended** Petition for Writ of Habeas Corpus

On June 30, 2003, Petitioner, *pro se*, filed a motion for leave to amend his petition to include two additional claims that had been recently exhausted in the state courts. (Doc. 8). On August 21, 2003, this Court granted Petitioner's motion for leave to amend and ordered Respondent to file an amended answer and return of writ. (Doc. 9). Petitioner's amended petition for writ of habeas corpus now includes the following four grounds for relief:

> **Ground One:** The conviction was obtained through the use of prosecutorial misconduct in violation of Mr. Mejia's 6th and 14th Amendment right to a fair trial and due process of law.
> **Supporting Facts:**    (1) Prosecutor improperly shifted the burden of proof to the defendant; (2) Prosecutor improperly vouched for the credibility of his witnesses, (3) Prosecutor… [sic]

> **Ground Two:**    The conviction was the result of ineffective assistance of trial counsel in violation of Mr. Mejia's 6th and 14th Amendment right to a fair trial, effective representation and due process of law.
> **Supporting Facts:**    Trial counsel failed to object to specific instances of prosecutorial misconduct, failed to object to highly prejudicial and irrelevant evidence and failed to adequately cross-examine the primary prosecution witness.

**Ground Three:**  The trial court abused its discretion when it imposed maximum and consecutive terms of incarceration.

**Supporting Facts:**  Petitioner's 5th & 14th Amendment rights to due process of law, and 8th Amendment right to be free from cruel and unusual punishment were violated, when the trial court failed to comply with the mandatory language of Ohio Revised Code §§ 2929.14 and 2929.19(B), sentencing Petitioner to both maximum and consecutive terms without informing him in court as to why such a sentence was necessary.

**Ground Four:**  Appellate counsel was ineffective for failing to present a reversible trial court sentencing error.

**Supporting Facts:**  Petitioner's 6th Amendment right to have effective assistance of appellate counsel, and 5th & 14th Amendment rights to due process of law were violated when counsel failed to present a sentencing error that under Ohio Revised Code §§ 2929.14 & 2929.19(B) and controlling case law, would have constituted a remand with an order for resentencing.

(Doc.'s. 1 & 8).  This amended answer and return of writ, addressing all four grounds for relief, now follows.

## III.    AVAILABILITY OF TRANSCRIPT

A complete copy of the Jury Trial Transcript as filed in the Ohio Court of Appeals for the First Appellate District, has been filed as Exhibit 14.

**Pursuant to this Court's Show Cause Orders of November 16, 2001 and August 21, 2003 (Doc.'s. 2 & 9), as well as the rules governing Section 2254 cases, Respondent respectfully submits the following:**

## IV.    TRUE CAUSE OF DETENTION

The true cause of Petitioner's detention is attached as Respondent's Exhibit 4.

## V.    PREVIOUS FEDERAL PETITION

To the best of Respondent's knowledge, Petitioner has not filed a previous federal petition for writ of habeas corpus.

10

## VI.    STATUTE OF LIMITATIONS

The Respondent does not intend to waive any defense with respect to the statute of limitations.  The one-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  Petitioner was sentenced on March 13, 2000.  (Exhibit 4, Case No. B-9906276).  The Ohio Court of Appeals for the First Appellate District affirmed the judgement of conviction on December 8, 2000.  (Exhibit 9, Case No. C-000225).  On January 17, 2001, Petitioner filed a notice of appeal and memorandum in support of appeal in the Ohio Supreme Court.  (Exhibits 10 &11, Case No. 01-108).  On April 4, 2001, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Exhibit 13, Case No. 01-108).  Petitioner then had 90 days to file an appeal to the United States Supreme Court, which he did not do.  However, this 90 day appeal time ended on July 3, 2001.  Thus, Petitioner had until July 3, 2002 to file his federal habeas corpus petition.  Petitioner filed his petition on October 9, 2001.  It therefore appears that the statute of limitation does not bar further consideration of the instant federal petition for writ of habeas corpus.

## VII.    PROCEDURAL DEFAULT AND WAIVER

### A.    No Contemporaneous Objection – Ground One

As and for his *first ground for relief*, Petitioner alleges a violation of his right to a fair trial due to prosecutorial misconduct.  In particular, Petitioner asserts that the prosecutor, in his closing argument, improperly shifted the burden of proof to the accused and vouched for the credibility of his witness.  (Doc. 1, Petition at p. 5).  Petitioner's *first ground for relief* in the

11

instant petition corresponds directly to the fifth and ninth assignments of error raised on direct appeal in the Ohio Court of Appeals for the First Appellate District. (Exhibit 7 at pp. 7 & 11).[1] Inasmuch as no contemporaneous objection was made to any of the alleged instances of misconduct, the state appellate court employed a plain error standard of review. Respondent submits that Petitioner's claims of prosecutorial misconduct were procedurally defaulted in the state courts and are thus waived for federal habeas review. In the alternative, Respondent submits that Petitioner's *first ground for relief* is simply without merit and should therefore be denied.

Petitioner committed a procedural default in his state court proceedings because he failed to make a contemporaneous objection to the prosecutor's comments during final argument. Generally, an error not raised before the trial court is considered waived for purposes of appellate review. This rule is an "adequate and independent" state ground for denying relief because it is relied on in numerous Ohio decisions and the Ohio Courts have consistently refused to review claims on appeal which were not presented to the trial court. *See, e.g., Stores Realty Co. v. City of Cleveland,* 322 N.E.2d 629, 630 (Ohio 1975); *State v. Childs,* 236 N.E.2d 545, 549 (Ohio 1968) (also holding that rule applies to constitutional rights), *cert. denied,* 394 U.S. 1002 (1969); *Republic Steel Corp. v. Board of Revision of Cuyahoga County,* 192 N.E.2d 47, 51 (1963); *see also State v. Miller,* No.98AP-1051, 1999 WL 547924 (Ohio Ct. App. July 29, 1999) (noting that Ohio Supreme Court has consistently held that errors not raised at trial are waived for appeal); *State v. Reese,* No. 98 C.A. 33, 1999 WL 397917, at *3.

---

[1] Petitioner's eighth assignment of error on direct appeal alleged prosecutorial misconduct for eliciting testimony from a State witness regarding the history and practices of drug trafficking. (Exhibit 7 at p. 10). This claim is raised, in this Petition, as ineffective assistance of counsel for failing to object to admission of such evidence.

On direct appeal, Petitioner raised these same claims as his fifth and ninth assignments of error. (Exhibit 7, Case No. C-000225). The Ohio Court of Appeals for the First Appellate District noted that no objection had been made to the prosecutor's comments during final argument, and then reviewed the assignments of error under the plain error standard. Citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804, 808 (1978), the First District accurately stated: "To reverse a conviction based upon plain error, we must conclude that 'but for the error, the outcome of the trial clearly would have been otherwise'." (Exhibit 9 at p. 7).

Petitioner argued on direct appeal, as he does in this petition, that the prosecutor impermissibly shifted the burden of proof as to the issue of identity. The state appellate court concluded:

> We disagree. During opening statement, Mejia's trial counsel told the jury that the evidence would demonstrate that when the authorities recorded the telephone drug transaction between Mikolay and another person, that person was not Mejia. Then, during closing argument, the assistant prosecutor recounted that there was no evidence challenging Mikolay's assertion that he was speaking to Mejia. Because the prosecutor's statements were fair comments on the state of the evidence adduced at trial, and because Mejia's counsel had in effect invited comment on the issue in question, we find no impropriety in the prosecutor's remarks.

(Exhibit 9 at pp. 7-8). On appeal, and again in this petition, Petitioner asserts that the prosecutor improperly vouched for the credibility of Mikolay's testimony. In this regard, the state appellate court concluded:

> We disagree. In closing argument, Meija's trial counsel stated that he would not believe a word that Mikolay had said because of Mikolay's involvement with drugs, and because of his motivation to lie, to secure a lesser sentence for himself. In response, the prosecutor merely emphasized the consistencies in Mikolay's testimony and stated that, based upon those consistencies, it was unlikely that his testimony had been fabricated. These were proper

> comments on the state of the evidence adduced at trial, and we
> again find no impropriety.

(Exhibit 9 at pp. 8-9).

In both instances, the prosecutor was simply responding to arguments set forth by the defense.  Taken in the context of the entire proceedings, the prosecutor's statements were fair comments on the state of the evidence.  Indeed, Petitioner failed to show plain error, which denied him a fair trial.  Respondent further submits that Petitioner's claim for relief is without merit.

Finding, from its review of the record, that the prosecutor's comments were not improper, the state appellate court concluded that there was no plain error that deprived Petitioner of a fair trial.  These assignments of error were overruled.  (Exhibit 9 at pp. 8-9; Case No. C-000225). The Ohio Supreme Court's later unexplained decision, dismissing petitioner's appeal as not involving a substantial constitutional question, must be presumed to rely on the same analysis. (Exhibit 13; Case No. 01-108).  *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-04; *see also Levine v. Torvik,* 986 F.2d 1506, 1510, 1517 n.8 (6th Cir.) (Ohio Supreme Court's order dismissing appeal for lack of a substantial constitutional question was unexplained decision under *Ylst* and, therefore, the Ohio Court of Appeals' decision was the last state judgment to consider in determining whether petitioner had waived his constitutional claim for relief), *cert. denied,* 509 U.S. 907 (1993).

In the Sixth Circuit, plain error review by a state appellate court does not open a claim to consideration by a federal habeas court when the state court rests its decision on a procedural bar.  *Paprocki v. Foltz,* 869 F.2d 281, 284-5 (6th Cir. 1989); *see also Amos v. Scott,* 61 F.3d 333, 342 (5th Cir.) *cert. denied,* 516 U.S. 1005 (1995).  In *Paprocki,* the Sixth Circuit stated:

> What the state court of appeals did, as we understand it, was to enforce the procedural bar while reserving the right to excuse it if necessary to prevent manifest injustice. We would be loath to adopt an exception to the "cause and prejudice" rule that would discourage state appellate courts from undertaking the sort of inquiry conducted by the Michigan court, * * * *

*Paprocki v. Foltz*, 869 F.2d. at 285. Viewed in the context of the trial as a whole, the prosecutor's statements were not so egregious as to render the entire trial fundamentally unfair.

If, because of a procedural default, a habeas corpus petitioner can no longer present one or more of his claims to the state courts, he has waived those claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *United States v. Frady,* 456 U.S. 152, 168 (1982). Demonstrating "cause" requires showing that an objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule. *Murray, supra,* at 488. Demonstrating "prejudice" requires showing a disadvantage "infecting" the trial with constitutional error. *Frady, supra,* at 168.

In a thinly veiled attempt to circumvent a procedural default, Petitioner's *second ground for relief* alleges ineffective assistance of counsel for failing to object to the prosecutor's comments during final argument. Otherwise, Petitioner has not presented any justification for his procedural default. To suggest ineffective assistance of counsel, as "cause" for his default, does not raise an objective factor external to the defense. *Murray, supra,* at 488. Nor can Petitioner show a disadvantage "infecting" the trial with constitutional error. *Frady, supra,* at 168. Moreover, he has not demonstrated that failure to consider the claims will result in a "fundamental miscarriage of justice."

Petitioner's prosecutorial misconduct claim, as alleged in ground one of the petition, may be barred from review in this federal habeas corpus proceeding based on the adequate and independent state ground doctrine.   Absent a showing of cause and prejudice or that a fundamental miscarriage of justice will result if the defaulted claim is not considered, Petitioner has waived the claim alleged in ground one.   Accordingly, this Court is precluded from reviewing the merits of this claim, which is deemed waived, and must dismiss Petitioner's *first ground for relief*.  In the alternative, Respondent submits that Petitioner's *first ground for relief* is simply without merit and should therefore be denied.

### B.    Claim Not Asserted in the State Courts – Ground Three

As his *third ground for relief*, Petitioner alleges that the trial court abused its discretion by imposing maximum consecutive sentences, in violation of R.C. 2929.14 and 2929.19(B). However, in the state courts, this issue was only asserted in the context of *ineffective assistance of appellate counsel* in Petitioner's unsuccessful delayed application for reopening appeal.  (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibit C).  Thus, Respondent submits that Petitioner's *third ground for relief* is waived for purposes of federal habeas review by reason of procedural default in the state courts.  In the alternative, Respondent further submits that Petitioner's *third ground for relief* fails to assert a cognizable claim for federal habeas review.

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court and to all appropriate state courts prior to that.  28 U.S.C. § 2254 (b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811

F.2d 322, 325 (6th Cir. 1987).  In the instant case, Petitioner's claim has not been fairly presented for consideration in the state courts.  However, the exhaustion requirement is satisfied if it is clear that claims are procedurally barred under state law.  *Gray v. Netherland*, 518 U.S. 152 (1996).  A federal habeas corpus court is barred from hearing issues that could have been raised in the state courts, but were not, and now may not be presented to those state courts due to procedural default or waiver.  *Wainwright v. Sykes,* 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982).

Petitioner's claim was presented in the state courts only in the context of Petitioner's Ohio App.R. 26(B) delayed application to re-open his appeal, when Petitioner argued that his appellate counsel rendered ineffective assistance in failing to assign error for the trial court's imposition of maximum consecutive sentences.  (Doc. 8).  The Sixth Circuit has found that this is insufficient to meet the exhaustion requirement.  *Lott v. Coyle*, 261 F.3d 594, 612, 617 (6th Cir. 2001).  Moreover, where the claim was not raised as a discrete claim, the state court's discussion of the merits of the claim in the context of analyzing an ineffective assistance of counsel claim does not save the issue from being procedurally defaulted.  *Id*.  Inasmuch as the state courts would find this claim procedurally barred, it is waived for purposes of federal habeas review.

Petitioner's claim for relief was never presented to the state courts either for collateral review or on direct appeal from the judgment of conviction.  Petitioner has no available means by which he may now return to the state courts and present these claims for review.  "[W]here a federal habeas corpus petitioner raises a claim, which has never been presented to any state forum, a federal court may properly determine whether the claim has been procedurally defaulted under state law, such that a remedy in state court is 'unavailable' within the meaning of § 2254(c)."  *Harris v. Reed*, 489 U.S. 255, 269 (1989) (O'Connor, J., concurring).  Petitioner's

failure to raise an issue on appeal, or at the first available opportunity, will result in a procedural bar, which precludes federal habeas review. *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994) (holding that when a claim is not presented on direct appeal, and the Ohio Court of Appeals denied a subsequent motion for delayed appeal on the ground that the decision on direct appeal was *res judicata,* then the petitioner was barred from presenting the claim in federal habeas).

Inasmuch as Petitioner can no longer present these claims to the state courts, they are waived for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier, supra*. Petitioner cannot and has not shown cause for the default. Nor can or has he shown actual prejudice as a result of the alleged errors. Finally, Petitioner cannot and has not demonstrated that failure to consider any of his claims would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *See also Engle v. Isaac*, 456 U.S. at 129; *Wainright v. Sykes*, 433 U.S. at 87.

In addition to being waived for purposes of federal habeas review, Petitioner fails to assert a cognizable federal question. A claim that the trial court committed an "abuse of discretion" is not sufficient to state a constitutional violation. *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995). A petitioner may fairly present the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987). The use of a "generalized catch-all phrase", which merely alleges the denial of a fair trial or due

process, under the United States Constitution, is insufficient to alert the state courts to the specific federal question in the absence of citation to case law employing constitutional analysis. *Franklin, supra*; *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984). Federal habeas corpus is available only to correct wrongs of constitutional dimension. 28U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Barclay v. Florida*, 463 U.S. 939, 103 S.Ct. 3418, 77L.Ed.2d 1134 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Respondent submits that Petitioner's *third ground for relief* is waived for purposes of federal habeas review by reason of procedural default in the state courts and should therefore be dismissed with prejudice. In the alternative, Respondent further submits that Petitioner's *third ground for relief* fails to assert a cognizable claim for federal habeas review.

### C.    Delayed Application for Reopening Appeal Denied – Ground Four

As his *fourth ground for relief*, Petitioner contends that he was denied effective assistance of appellate counsel when retained counsel failed to assign error for the trial court's imposition of maximum consecutive sentences. (Doc. 8). A similar claim was asserted in Petitioner's delayed application for reopening appeal. (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibit C). However, the state appellate court denied the delayed application for reopening for failing to demonstrate good cause for the delay. (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibit D). Thus, Respondent submits that Petitioner's *fourth ground for relief* is waived for purposes of federal habeas review by reason of procedural default in the state courts.

If a defendant fails to present his federal claims to the state court in the manner required

19

by a long-standing state procedural rule, and the final state court addressing the claim holds that

further consideration of the claim is precluded by defendant's procedural default, then he has

waived those claims for purposes of federal habeas corpus review unless he can demonstrate

*cause* for the procedural default and *actual prejudice* resulting from the alleged constitutional

error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107 (1982);

*Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). Demonstrating "cause" requires showing that

an objective factor external to the defense impeded counsel's efforts to comply with the State

procedural rule. *Murray, supra,* at 488. Demonstrating "prejudice" requires showing a

disadvantage "infecting" the trial with constitutional error. *United States v. Frady,* 456 U.S. 152,

168 (1982).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Maupin v. Smith*, 785 F. 2d 135, 138 (1986).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
> * * *
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction.
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and
> that he was "actually prejudiced" by the alleged constitutional
> error.

*Id*. The state procedural bar must be well established. *Ford v. Georgia*, 498 U.S. 411, 424

(1991); *Blair v. Kentucky*, 449 U.S. 962 (1980)

If the Ohio courts have the opportunity to consider whether to enforce a procedural bar, then the district court must look to the last "reasoned state judgment rejecting a federal claim" to determine whether the Ohio courts enforced a procedural bar. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Thus, the district court must look at the last state court disposition providing reasons for the decisions. *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). A state court's noncommittal denial of review is not controlling. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). When the last reasoned state court decision rests both on procedural default and an alternative ruling on the merits, the claim is still barred from federal habeas review. *Harris v. Reed*, 489 U.S. at 264 n.10 (1989); *McBee v. Abramajyts,* 929 F.2d at 267; *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985).

Petitioner attempted to raise the issue of ineffective assistance of appellate counsel in a delayed application for reopening his direct appeal, claiming that appellate counsel failed to assign error for the trial court's imposition of maximum consecutive sentences. (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibit C). Under Ohio Appellate Rule 26(B), such an application must be filed within ninety (90) days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. In the instant case, the judgment of conviction and sentence was affirmed on December 8, 2000. (Exhibit 9, Case No. C-000225). Therefore, the ninety (90) day time period expired on March 8, 2001.

Petitioner did not file his delayed application for reopening appeal until December 2, 2002, nearly two years after journalization of the state appellate court's judgment affirming his conviction and sentence. Petitioner sought to excuse his delay by arguing that he was unversed in the law and lacked an interpreter while incarcerated. (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibit C at pp. 1-2). On March 11, 2003, the state appellate

21

court denied the application for reopening for failing to demonstrate good cause for his delay. (See, Doc. 6, Motion to Stay and Abey Habeas Proceedings, Appendix Exhibit D).

Petitioner had no right to counsel to assist him in filing his application. See, *State v. Dennis*, 86 Ohio St.3d 201, 1999-Ohio-94, 713 N.E.2d 426 (1999). Furthermore, neither ignorance of, nor inexperience with, the law constitutes good cause for delay. See, *State v. Pierce*, 74 Ohio St.3d 453, 1996-Ohio-20, 659 N.E.2d 1252 (1996). The Ohio Supreme Court provides sufficient guidance for determining good cause under Ohio App. R. 26(B). In *State v. Reddick*, the Ohio court stressed that:

> Neither *Murnahan* nor App. R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals. Rather, both were intended to allow the belated presentation of colorable claims that defendants/appellants were prevented from presenting timely by particular circumstances. Lack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief.

647 N.E.2d 784, 786 (Ohio 1995).

Petitioner's claim of ineffective assistance of appellate counsel was procedurally defaulted when he failed to present his application for reopening in a timely fashion. The state appellate court's enforcement of the procedural bar in Ohio App. R. 26(B), denying delayed application for reopening appeal, satisfies each of the four requirements set forth in *Maupin, supra*. Respondent submits that the state court's dismissal of Petitioner's application as untimely is an adequate and independent state ground upon which the state court disposed of the claims contained therein. A state procedural rule is adequate if it was "firmly established" and "regularly followed" by the state courts, when applied to the case in question. *Ford v.* Georgia, 498 U.S. 411, 423-24 (1991); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). In a recent

decision, the Sixth Circuit definitively stated that Ohio App. R. 26(B) is an "adequate and independent" state ground on which the court can rely to foreclose review of federal constitutional claims. *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. February 22, 2002).

Petitioner has not shown good cause for failing to present his claims to the state court. Demonstrating "cause" requires showing that an objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule. *Murray, supra,* at 488. Nor has Petitioner shown actual prejudice as a result of his failure. *Wainwright v. Sykes, supra.* Demonstrating "prejudice" requires showing a disadvantage "infecting" the proceedings with constitutional error. *Frady, supra,* at 168. Finally, Petitioner cannot and has not demonstrated that failure to consider his claims would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501U.S. at 750; *see also Isaac v. Engle*, 456 U.S. 107, 129 (1982); *Wainright v. Sykes*, 433 U.S. at 87. Petitioner presents no evidence of innocence, which might cast doubt on the outcome of the trial.

The state appellate court's denial of Petitioner's delayed application for reopening is an adequate and independent state ground upon which the state court disposed of the claim of ineffective assistance of appellate counsel. That same claim, now presented as Petitioner's *fourth ground for relief* in the instant petition, having been procedurally defaulted in the state courts is now barred for purposes of federal habeas review and therefore should be dismissed.

## VIII.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL – Ground Two

As and for his second ground for relief, Petitioner alleges that his trial counsel was constitutionally ineffective for these reasons:  (1) counsel failed to object to specific instances of prosecutorial misconduct;  (2) counsel failed to object to highly prejudicial and irrelevant evidence; and (3) counsel failed to adequately cross-examine the primary prosecution witness.

(Doc. 1, Petition at p. 5).  Although these allegations were raised on direct appeal in the state courts, as his tenth assignment of error, Petitioner failed to be more specific and simply eluded to other assignments of error, addressing similar concerns.  (Exhibit 7 at pp. 12-14).

Petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for the majority on this issue); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 121 S.Ct. 1415 (2001); *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  A state court decision is "contrary to" clearly established federal law as determined by the United States Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams*, 529 U.S. at 405-06 (O'Connor, J.); *Harris*, 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.  *Williams*, 529 U.S. at 407-08 (O'Connor, J.).  Under § 2254(d)(1), the unreasonable application clause, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state court

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yunkins*, 229 F.3d 506, 510 (6th Cir. 2000); *Harris*, 212 F.3d at 942. The reasonableness inquiry is an objective one. It does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams*, 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000); *Harris*, 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee*, 229 F.3d at 510, 512 (*citing Williams*, 529 U.S. at 412).

To demonstrate that counsel's performance was constitutionally ineffective, Petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that Petitioner made an insufficient showing on either ground. *See id.* at 697.

Under the first prong of the Strickland test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness, based on all the surrounding circumstances. *See id.* at 688. Judicial scrutiny must be highly deferential and avoid the distorting effects of hindsight. *Id.* at 689. The reviewing Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*

To satisfy the second prong of the Strickland test, Petitioner must show that a "reasonable

25

probability" exists that, but for counsel's errors, the result of the criminal proceedings would have been different. *See id.* at 694. Merely showing that the alleged errors had "some conceivable" effect on the outcome of the proceedings is insufficient to meet this standard. *See id.* at 693. Petitioner must show that the decision would "reasonably likely have been different absent the errors." *See id.* at 695.

Petitioner's ineffective assistance arguments on direct appeal vaguely incorporated his prosecutorial misconduct arguments. (Exhibit 7 at p. 13). Petitioner renews these claims in the instant petition. Petitioner maintains that counsel should have objected when the prosecutor, in his closing argument, allegedly shifted the burden of proof to the accused by recounting that there was no evidence challenging Mikolay's assertion that he was speaking to Petitioner, in a tape-recorded telephone drug transaction. (Doc. 1, Petition at p. 5; Exhibit 7 at p. 7). The prosecutor's remarks were in response to the defense's contention, during opening statement, that the evidence would show someone other than Petitioner had engaged in the recorded drug transaction. (Exhibit 14, Transcript at pp. 143-44 and 434-35). The state appellate court concluded that the prosecutor's remarks were fair comments on the state of the evidence. Having found "no impropriety", when addressing the prosecutorial misconduct claim, the state appellate court also found no deficiency in counsel's failure to object. (Exhibit 9 at p. 9). Indeed, absent a finding of impropriety, trial counsel was not obliged to object to the prosecutor's remarks.

On direct appeal, Petitioner asserted that counsel should have objected when, in closing argument, the prosecutor allegedly vouched for the credibility of his own witness' testimony. Again, his claim of ineffective assistance vaguely incorporated the allegations of prosecutorial misconduct. (Exhibit 7 at p. 13). Respondent submits that the prosecutor did not vouch for his

26

witness' credibility but rather responded to the remarks made in defense counsel's closing argument. Attacking Mikolay's credibility, defense counsel stated, "I don't believe a word that comes out of his mouth." (Exhibit 14, Transcript at pp. 461-62). The prosecutor's comments regarding Mikolay's credibility were in response to defense counsel's argument. It is worth noting that the prosecutor's attempt to bolster his witness' credibility related to corroborating evidence presented at trial and not his personal opinion. (Exhibit 14, Transcript at pp. 467-71). The state appellate court concluded that "[t]hese were proper comments on the state of the evidence adduced at trial, and we again find no impropriety." (Exhibit 9 at p. 9). Finding no impropriety in the prosecutor's remarks, the state appellate court held there was no deficiency in trial counsel's performance. (Exhibit 9 at p. 9).

Petitioner further contends that trial counsel should have objected to the admission of police testimony concerning the standard practices of cocaine dealers. (Doc. 1, Petition at p. 5). On direct appeal, this claim was presented as both prosecutorial misconduct and ineffective assistance of counsel. (Exhibit 7 at p. 10 & 12). Rejecting both arguments, the state appellate court opined:

> [A] qualified police officer may testify as to the general practices of drug traffickers to demonstrate that the defendant's conduct was consistent with those practices or customs. Gramke's testimony in the case at bar did not go beyond permissible bounds. Gramke testified as to his extensive experience in investigating cocaine trafficking operations and explained how the operation in the case at bar was consistent with those he had investigated in the past. [citations omitted].

(Exhibit 9 at p. 8). With respect to the prosecutorial misconduct claim, the state appellate court found no impropriety. Moreover, the state appellate court found the ineffective assistance claim to be without merit, stating:

> \* \* \* we find no merit in Mejia's suggestion that the contested
> testimony was a central part of the state's case against him.  Ample
> evidence in the record other than the challenged testimony pointed
> to Mejia's guilt, and, in the context of the entire proceedings, the
> challenged testimony was inconsequential.

(Exhibit 9 at p. 8).  Inasmuch as the testimony at issue was properly admitted in evidence, trial counsel had no duty to make a contemporaneous objection.

On direct appeal and again in this petition, Petitioner claims that trial counsel was ineffective in cross-examining State's witness, Dennis Mikolay.  (Doc. 1, Petition at p. 5; Exhibit 7 at p. 14; *also see* Exhibit 14, Transcript at pp. 163-79).  However, in both instances Petitioner fails to be more specific.  Addressing this claim, the state appellate court stated:

> Mejia fails to specify how counsel was deficient, and we have
> found no deficiencies in our review of the trial transcript.  Counsel
> aggressively examined Mikolay, emphasizing inconsistencies in
> his testimony, as well as the fact that Mikolay had not come
> forward with his statement until his arrest on related drug charges.

(Exhibit 9 at p. 9).  Respondent submits that Petitioner again fails to state his claim with sufficient particularity or otherwise show that trial counsel was ineffective.

Petitioner has not demonstrated that the state appellate court's determination was based on an unreasonable determination of the facts or involved an unreasonable application of *Strickland v. Washington*.  Moreover, the evidence against Petitioner was strong, so it is not reasonable to infer that the decision reached would have been any different if counsel had made specific objections or conducted his cross-examination differently.

## IX.    CERTIFICATE OF APPEALABILITY

Petitioner has failed to raise issues, which have substantial merit, that are worthy of further consideration, and on which reasonable jurists could differ.  Therefore, a certificate of appealability should not issue on any ground asserted in this habeas

`petition.`

District courts have the power to issue certificates of appealability under the AEDPA in Section 2254 cases. *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decision-makers on certificates of appealability under Section 2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir.)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997)). Under Rule 10 of the Rules Governing Section 2254 Proceedings, the issuance or denial of a certificate of probable cause may be determined by a United States Magistrate Judge.

28 U.S.C. § 2253 as amended by AEDPA, provides in pertinent part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (c)(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Thus, a person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability, (formerly called a certificate of probable cause), before proceeding. 28 U.S.C. § 2253; Fed. R. App. P. 22. Respondent submits that Petitioner has not and cannot make a substantial showing

of the denial of a constitutional right. Therefore, Respondent submits that a certificate of appealability should not issue on any issue presented in the instant petition.

## X.    CONCLUSION

Respondent respectfully submits that Petitioner's *first ground for relief*, alleging prosecutorial misconduct, has been waived for federal habeas review due to procedural default (no contemporaneous objection) in the state courts and should be dismissed. Alternatively, Respondent submits that Petitioner's allegation of prosecutorial misconduct is without merit and should be denied. Respondent further submits that Petitioner's *second ground for relief*, alleging ineffective assistance of trial counsel, is without merit and should be denied. Respondent further submits that Petitioner's *third ground for relief*, alleging the trial court abused its discretion by imposing maximum consecutive sentences, has been waived for federal habeas review due to procedural default (claim not asserted in the state courts) in the state courts and should be dismissed. Alternatively, Respondent submits that Petitioner's *third ground for relief* fails to assert a cognizable claim for federal habeas review and should be dismissed. Respondent further submits that Petitioner's *fourth ground for relief*, alleging ineffective assistance of appellate counsel for not assigning error for the trial court's imposition of maximum consecutive sentences, has been waived for federal habeas review due to procedural default (delayed application for reopening appeal denied) in the state courts and should be dismissed. Additionally, Respondent submits that a certificate of appealability should not be issued.

Respectfully submitted,

JIM PETRO (0022096)
Ohio Attorney General

s/ BRUCE D. HORRIGAN
Bruce D. Horrigan (0047170)
Assistant Attorney General
Corrections Litigation Section
State Office Bldg., 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113-1899
bhorrigan@ag.state.oh.us
(216) 787-3030
(216) 787-3480 Fax

Attorney for Respondent
Don DeWitt, Warden

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Amended Answer and Return of Writ* was filed electronically, and copies were sent by regular, first-class mail to Petitioner **Jerbein Mejia**, Inmate No. 391-808, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601-7010 and Counsel for Petitioner, **William Gallagher**, Arenstein and Gallagher, The Citadel, 114 E. Eighth Street, Cincinnati, Ohio 45202 by U.S. mail, postage pre-paid this 5th day of September, 2003.

s/ BRUCE D. HORRIGAN
BRUCE D. HORRIGAN
Assistant Attorney General