APPENDIX

793 N.E.2d 473  
2003-Ohio-4165  
(Cite as: 99 Ohio St.3d 463, 793 N.E.2d 473)

Page 1

**H**

Supreme Court of Ohio.

The STATE of Ohio, Appellee,  
v.  
**COMER**, Appellant.

Nos. 2002-0351, 2002-0422.

Submitted March 12, 2003.  
Decided Aug. 27, 2003.

Defendant was convicted in the Court of Common Pleas, Lucas County, of murder and aggravated robbery. Defendant filed direct appeal. The Court of Appeals affirmed, and after granting defendant's motion to reopen appeal, affirmed defendant's sentence, and certified a conflict of appellate decisions. Appeal was allowed. The Supreme Court, Francis E. Sweeney, Sr., J., held that: (1) when imposing consecutive felony sentences, a trial court is required to make its statutorily enumerated findings supporting consecutive sentences, and give reasons supporting those findings, at the sentencing hearing, abrogating *State v. Blackman*, 2003 WL 2007105, and *State v. Koch*, 2001 WL 1647214, and (2) when imposing a nonminimum felony sentence on a first-time offender, a trial court is required to make its statutorily required findings at the sentencing hearing, orally or in writing.

Reversed and remanded.

Thomas J. Grady, J., sitting by assignment, filed a dissenting opinion in which Lundberg Stratton, J., concurred.

West Headnotes

**[1] Criminal Law** ⚖ 641.13(7)  
110k641.13(7) Most Cited Cases

Defendant's direct appellate counsel did not perform deficiently, as element of ineffective assistance of counsel, in failing to raise on direct appeal the trial court's error in sentencing him to consecutive and nonminimum prison terms without making necessary findings on the record at sentencing hearing; Ohio law had been unsettled on those issues, the sentences pronounced by the trial court were in line with case law in the appellate district when the appeal was argued, and counsel could not be faulted for failing to predict the law would change. U.S.C.A. Const.Amend. 6; R.C. § 2929.19(B)(2)(c); § 2929.14(E)(4) (2002).

**[2] Sentencing and Punishment** ⚖ 372  
350Hk372 Most Cited Cases

**[2] Sentencing and Punishment** ⚖ 373  
350Hk373 Most Cited Cases

When imposing consecutive felony sentences, a trial court is required to make its statutorily enumerated findings supporting consecutive sentences, and give reasons supporting those findings, at the sentencing hearing, and thus, it is not sufficient for the trial court merely to make oral findings at the sentencing hearing or merely to make the findings in a written journal entry; abrogating *State v. Blackman*, 2003 WL 2007105, and *State v. Koch*, 2001 WL 1647214. R.C. § 2929.19(B)(2)(c); § 2929.14(E)(4) (2002).

**[3] Sentencing and Punishment** ⚖ 585  
350Hk585 Most Cited Cases

Consecutive sentences are reserved for the worst offenses and offenders.

**[4] Sentencing and Punishment** ⚖ 372  
350Hk372 Most Cited Cases

While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences, and these findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision.

**[5] Sentencing and Punishment** ⚖ 372  
350Hk372 Most Cited Cases

When imposing a nonminimum felony sentence on a first-time offender, a trial court is required to make its statutorily required findings at the sentencing hearing, orally or in writing. R.C. § 2929.14(B) (2002).  
**474 *464 SYLLABUS OF THE COURT

1. Pursuant to R.C. 2929.14(E)(4) and

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

(A-1)

793 N.E.2d 473    Page 2
2003-Ohio-4165
**(Cite as: 99 Ohio St.3d 463, 793 N.E.2d 473)**

2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.

2. Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing.

Julia R. Bates, Lucas County Prosecuting Attorney, and Craig T. Pearson, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.

FRANCIS E. SWEENEY, SR., J.

{¶ 1} In July 1999, a jury convicted appellant, Jerry Comer Jr., for murder and aggravated robbery, both committed in November 1997. The trial court imposed consecutive sentences of 15 years to life for the murder and 7 years for the aggravated robbery. Rather than state its findings or reasons for the sentences at the sentencing hearing, the court later explained in a journal entry:

{¶ 2} "The Court finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term.

**475 {¶ 3} "* * *

{¶ 4} "Being necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: the harm caused was great or unusual." (Capitalization sic.)

{¶ 5} Initially, appellant filed an appeal from his convictions, raising a single issue concerning jury instructions. The appellate court rejected his argument and affirmed his convictions. This court denied jurisdiction. *State v. Comer* (2001), 91 Ohio St.3d 1428, 741 N.E.2d 892. Thereafter, appellant filed a motion in the court of appeals to reopen his appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. The appellate court granted appellant's application for reopening.

*465 {¶ 6} On appeal, appellant argued that appellate counsel was ineffective for failing to raise the trial court's error in sentencing him to consecutive and nonminimum prison terms without making the necessary findings on the record at the sentencing hearing. The court of appeals rejected appellant's argument, finding that a trial court may make the requisite findings either at the sentencing hearing or in its judgment entry on sentencing.

{¶ 7} The court of appeals considered the oral statements made by the trial court at the sentencing hearing and the written journal entry. Taking these statements together, the appellate court concluded that the trial court had made the appropriate findings to justify the imposition of consecutive sentences and a nonminimum prison term. Therefore, the appellate court found that appellate counsel was not deficient in the performance of her duties. However, the court certified its decision as being in conflict with *State v. Williams* (2000), 136 Ohio App.3d 570, 737 N.E.2d 139.

{¶ 8} This cause is now before the court upon our determination that a conflict exists and pursuant to the allowance of a discretionary appeal.

[1] {¶ 9} This appeal presents two separate issues concerning appellant's sentences. Appellant challenges (1) the imposition of consecutive sentences and (2) the imposition of a nonminimum sentence for the aggravated robbery count. Appellant further asserts that his appellate counsel was ineffective because of her failure to raise these issues in his first appeal. We decline to hold that appellate counsel was deficient in the performance of her duties. The law in Ohio was unsettled on these issues, and the sentences pronounced by the trial court were in line with case law in the appellate district at the time this appeal was argued. Counsel cannot be faulted for failing to predict that the law would change. However, we find appellant's arguments concerning his sentences meritorious. Therefore, we reverse the judgment of the court of appeals and remand the matter to the trial court for resentencing.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

{¶ 10} R.C. 2929.14 and 2929.19 are the statutes we are asked to construe. These laws were originally enacted as part of Am.Sub.S.B. No. 2 in 1996. S.B. 2, which represents the first major criminal reform bill since 1974, was signed into law on August 10, 1995, and became effective in 1996. Griffin & Katz, Ohio Felony Sentencing Law (2002) 1. This comprehensive bill changed the definitions of crimes and the sentencing system. Id. The law now provides precise guidance for criminal sentencing within clearly defined constraints. Painter, Appellate Review Under the New Felony Sentencing Guidelines: Where Do We Stand? (1999), 47 Cleve.St.L.Rev. 533, 537-538. Pursuant to R.C. 2929.11 **476 through 2929.19, the trial court must follow an articulated process when determining a sentence. The individual provisions of the sentencing scheme may not be read alone. Painter, supra, 47 Cleve.St.L.Rev. at 538. Additionally, the law accords *466 meaningful review of these sentencing decisions by the appellate courts. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law. R.C. 2953.08; Griffin & Katz, Ohio Felony Sentencing Law, supra, 791- 796, Sections 9.19-9.20.

{¶ 11} When imposing a felony sentence, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender. R.C. 2929.11(A). To achieve these purposes, a court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id.

{¶ 12} Additionally, the law requires that a sentence imposed for a felony shall be reasonably calculated to achieve the purposes of felony sentencing, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Finally, a trial court shall not impose a sentence based on the race, ethnicity, gender, or religion of the offender.

R.C. 2929.11(C).

{¶ 13} The trial court must consider the factors found in R.C. 2929.12(B) and (C) to determine how to accomplish the purposes embraced in R.C. 2929.11. A court may not impose consecutive sentences for multiple offenses unless it "finds" three statutory factors. R.C. 2929.14(E)(4). First, the court must *find* that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must *find* that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must *find* the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). [FN1]

> FN1. {¶ a} The criteria to be considered by a sentencing court before imposing consecutive prison terms are listed in R.C. 2929.14. In 1997, when the crimes were committed, R.C. 2929.14(E)(4) provided: {
> ¶ b} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to * * * [R.C.] 2929.16, 2929.17, or 2929.18 * * *, or was under post-release control for a prior offense.
> {¶ c} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
> {¶ d} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." 1947 Ohio Laws, Part I, 468-469.

*467 {¶ 14} A trial court must also comply with R.C. 2929.19(B) when imposing consecutive sentences. R.C. 2929.19 is the statute governing the sentencing hearing. R.C. 2929.19(B)(2) provides that the sentencing court "shall impose a sentence and shall make a *finding* that gives its *reasons* for selecting the sentence imposed in all of the

793 N.E.2d 473
2003-Ohio-4165
**(Cite as: 99 Ohio St.3d 463, 793 N.E.2d 473)**

Page 4

following circumstances:

{¶ 15} "* * *

**477 {¶ 16} "(c) If it imposes consecutive sentences under [R.C.] 2929.14." (Emphasis added.)

{¶ 17} Appellant contends that according to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), the trial court's findings and reasons for consecutive sentences must be given at the sentencing hearing. The state contends, and the court of appeals found, that the findings and reasons can be made orally at the sentencing hearing or in written form in the journal entry.

{¶ 18} There is a split of authority in the lower courts on this issue. See *State v. Perkins*, Cuyahoga App. No. 81547, 2003-Ohio-656, 2003 WL 303090; *State v. Martin* (1999), 136 Ohio App.3d 355, 362, 736 N.E.2d 907; *State v. Williams*, 136 Ohio App.3d 570, 737 N.E.2d 139 (findings and reasons must be stated on the record at the sentencing hearing). Compare *State v. Blackman*, Lucas App. No. L-01-1349, 2003-Ohio-2216, 2003 WL 2007105; *State v. Koch* (Dec. 21, 2001), Lake App. No. 97-L-142, 2001 WL 1647214 (findings and reasons can be made at the sentencing hearing or in the journal entry). For the following reasons, we adhere to those decisions which hold that the court must orally make its findings and state its reasons on the record at the sentencing hearing.

{¶ 19} Lower courts have correctly and consistently found that the requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings. *State v. Grider* (2001), 144 Ohio App.3d 323, 326-327, 760 N.E.2d 40; *State v. Zwiebel* (Aug. 29, 2000), Franklin App. No. 00AP-61, 2000 WL 1221017; *State v. Winland* (Jan. 26, 2000), Wayne App. No. 99CA0029, 2000 WL 113052.

[2] {¶ 20} Turning now to the statutes at issue, we hold that R.C. 2929.19 clearly prescribes what a trial judge must do and say at a felony sentencing hearing. The statute specifies what can be considered at a hearing and what a trial court must do before sentencing the defendant. Moreover, it is at the sentencing hearing that the court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed" for consecutive sentences under R.C. 2929.14. R.C. 2929.19(B)(2) and (B)(2)(c). We find the intent of the *468 statute to be clear. Thus, we hold that pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.

[3][4] {¶ 21} Moreover, requiring the court to make these findings and give its reasons at the sentencing hearing comports with case law and with the purposes and intent of S.B. 2. Consecutive sentences are reserved for the worst offenses and offenders. *State v. Boland* (2002), 147 Ohio App.3d 151, 162, 768 N.E.2d 1250. Consistency and proportionality are hallmarks of the new sentencing law. Griffin & Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12. While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. Griffin & Katz, Ohio Felony Sentencing Law, supra, at 458-459, Section 1.21.

{¶ 22} Finally, our holding has a practical application as well. All interested parties are present at the hearing. Thus, an in-court explanation gives counsel the **478 opportunity to correct obvious errors. Moreover, an in-court explanation encourages judges to decide how the statutory factors apply to the facts of the case. If these important findings and reasons were not given until the journal entry there is the danger that they might be viewed as after-the-fact justifications. See, e.g., *State v. Riggs* (Oct. 11, 2000), Summit App. No. 19846, 2000 WL 1507914 (Whitmore, J., concurring in part and dissenting in part).

{¶ 23} Our review of the record reveals that the trial court neither made its mandatory findings nor gave its reasons for imposing the consecutive sentences on the record at the sentencing hearing. Therefore, we reverse the court of appeals' decision, vacate the consecutive sentences, and remand this

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

(A-4)

cause to the trial court for resentencing.

{¶ 24} Appellant also contends that the sentence imposed by the trial court for the aggravated robbery count did not accord with R.C. 2929.14(B) regarding minimum sentences.

{¶ 25} The offense of aggravated robbery, a felony of the first degree (R.C. 2911.01[C] ) calls for a range of sentences. With certain exceptions not relevant here, R.C. 2929.14(A)(1) mandates a definite term of imprisonment of three, four, five, six, seven, eight, nine or ten years for a felony of the first degree. At the time of the offense, R.C. 2929.14(B) provided that "if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless *the court finds on the record* that the shortest prison term will demean the seriousness of *469 the offender's conduct or will not adequately protect the public from future crime by the offender or others." 147 Ohio Laws, Part I, 465.

[5] {¶ 26} Here, appellant, a first-time offender, was given a seven-year sentence; clearly, this is not the minimum sentence for aggravated robbery. While this term fit within the range of sentences permissible under the law, R.C. 2929.14(B), now (B)(2), required the court to make certain findings "on the record." Appellant argues that "on the record" means that the trial court was required to make its findings at the sentencing hearing. [FN2] We agree. In *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, we interpreted this phrase "to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, *the record of the sentencing hearing* must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." (Emphasis added.) Also, we hold that the rationale supporting our holding that findings and reasons must be given by the court before imposing consecutive sentences at the sentencing hearing applies with equal force to the length of sentences. Therefore, we construe "on the record" to mean that oral findings must be made at the sentencing hearing. Accordingly, we hold that pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing.

FN2. R.C. 2929.14(B) does not require that the court give its reasons for finding that the seriousness of the offense will be demeaned or the public not adequately protected if a minimum sentence is imposed. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus.

{¶ 27} Here, the trial court did not make its statutory findings on the record at the **479 sentencing hearing. We reverse the judgment of the appellate court, vacate the sentence for aggravated robbery, and remand the cause to the trial court for resentencing.

Judgment reversed and cause remanded.

MOYER, C.J., CARR and PFEIFER, JJ., concur.

GRADY, LUNDBERG STRATTON and O'CONNOR, JJ., dissent.

DONNA J. CARR, J., of the Ninth Appellate District, sitting for RESNICK, J.

THOMAS J. GRADY, J., of the Second Appellate District, sitting for COOK, J.

THOMAS J. GRADY, J., dissenting.

{¶ 28} I respectfully dissent from the majority's decision. Neither R.C. 2929.14(E)(4), which is wholly silent on the matter, nor R.C. 2929.19(B)(2), which *470 is at most ambiguous, evidences an intent on the General Assembly's part to require a sentencing court, at the sentencing hearing, to orally pronounce the findings those sections require the court to make and its reasons for certain of those findings. Rather, as the court of appeals held, the sentencing court may comply with those statutory mandates either at the sentencing hearing by oral pronouncement or in the court's journalized

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

793 N.E.2d 473
2003-Ohio-4165
(Cite as: 99 Ohio St.3d 463, 793 N.E.2d 473)

Page 6

judgment of conviction, the latter being both the preferred and the better method of compliance.

{¶ 29} R.C. 2929.14 and 2929.19 are among those sections of the Revised Code that the General Assembly enacted in 1995 in Am.Sub.S.B. No. 2, upon the recommendation of the Ohio Criminal Sentencing Commission. 146 Ohio Laws, Part IV, 7464, 7485. The commission's charge, as set out in R.C. 181.24(A), was to recommend a comprehensive sentencing structure "designed to enhance public safety, to assist in the management of prison overcrowding and correctional resources, to simplify the sentencing structure of the state that is in existence on August 22, 1990, and to result in a new sentencing structure that is readily understandable by the citizens of the state, to simplify the criminal code of the state, to assure proportionality, uniformity, and other fairness in criminal sentencing, and to provide increased certainty in criminal sentencing." R.C. 181.24(B) sets out a set of more specific goals consistent with those purposes. None of the provisions of R.C. 181.24 can reasonably be construed as intended to confer substantive rights on offenders. Its object is economy, and the mechanisms the General Assembly ultimately enacted into law on the commission's recommendations are wholly procedural.

{¶ 30} Section 5(B), Article IV of the Ohio Constitution confers on the Supreme Court the power to prescribe rules of practice and procedure, and further provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." This court has generally required a direct conflict before holding a statute void pursuant to Section 5(B), Article IV. That narrow application may have encouraged the General Assembly to enact procedural requirements governing matters for which the rules of practice and procedure do not expressly provide. Some would argue for a broader interpretation of the conflict analysis. Even if one is not adopted, the separation-of-powers principle underlying Section 5(B) should incline the courts against finding an intent on the General Assembly's part to enact a procedural requirement unless that intent is plainly expressed. A more relaxed standard can readily thwart the careful distribution of powers between the branches of government **480 set out in the Constitution by the people of Ohio, who, after all,

are sovereign.

{¶ 31} Crim.R. 43(A) specifically mandates the defendant's presence at the sentencing hearing. Crim.R. 32(A) requires the court to impose sentence at the hearing and sets out procedures the court must follow. None of those procedures *471 requires the court to orally pronounce the particular findings and reasons that R.C. 2929.14(E)(4) and 2929.19(B)(2) now requires the court to make with respect to the sentence the court imposes.

{¶ 32} Crim.R. 32(C) requires the court to state the "verdict or findings" on which a criminal conviction is founded in its written judgment of conviction and sentence. The rule further provides: "A judgment is effective only when entered on the journal by the clerk."

{¶ 33} R.C. 2929.14(E)(4) requires a court to make certain findings when consecutive sentences are imposed, but it does not specify in what phase of the criminal proceeding or where on the record the court must state its findings. The word "findings," as it appears in Crim.R. 32(C), might comfortably permit the court to employ its written judgment of conviction and sentence to state the particular findings and reasons that R.C. 2929.14(E)(4) requires the court to make. Indeed, as between the journalized entry and the court's spoken opinion, preference should be given to the journalized judgment, because the court speaks only through its journal. *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390, paragraph three of the syllabus. On that same rationale, there is no sound basis instead to require the court to state its findings and reasons in its spoken opinion, and no reason at all to read that requirement into R.C. 2929.14(E)(4) when it is wholly silent on the matter.

{¶ 34} The majority finds support for the requirement it imposes in the terms of R.C. 2929.19(B)(2), which states: "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances," identifying five. Notably, that section omits the directive preamble, "[a]t the sentencing hearing," which appears in paragraph (B)(1), immediately preceding. Nor does it require the court to notify the defendant of certain things, as does paragraph

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

(A-6)

793 N.E.2d 473                                                                                                  Page 7
2003-Ohio-4165
(Cite as: 99 Ohio St.3d 463, 793 N.E.2d 473)

(B)(3) of R.C. 2929.19, immediately following, expressly and in multiple subparagraphs.

{¶ 35} A positive inference cannot be drawn from legislative silence. The canon expressio unius est exclusio alterius (expression of one thing suggests the exclusion of others) supports a negative implication that the General Assembly instead intended not to require a sentencing court to orally pronounce the findings and/or reasons which R.C. 2929.19(B)(2) mandates, at the sentencing hearing, when the General Assembly enacted other paragraphs of R.C. 2929.19(B) pertaining to that hearing that impose that very form of requirement in direct and express terms.

{¶ 36} The only potential basis for requiring a court to orally pronounce its findings and/or reasons from the bench at the sentencing hearing is the title given to R.C. 2929.19 as it appears in published versions of the Revised Code. The caption typically reads: "Sentencing hearing." However, such captions are *472 not a part of the legislation enacted by the General Assembly creating sections of the Revised Code. R.C. 1.01. They are mere topical references added by the publishing houses to guide the reader about what the section concerns. The heading is therefore of no guidance in discerning the intent of the General Assembly when it enacted R.C. 2929.19(B)(2).

**481 {¶ 37} The General Assembly's intent is evident from the portion of R.C. 181.24(A) quoted above, identifying the goals of the Ohio Criminal Sentencing Commission. In both R.C. 2929.14(E)(4) and 2929.19(B)(2), the General Assembly adopted the commission's recommendations by devising a regime to guide the court's exercise of its discretion in the circumstances concerned by requiring the court to articulate its calculus with respect to those matters. The General Assembly expressed no preference for where and how that must be done, just that it be done in relation to the sentence the court imposes, and on the record. However, and in view of the long-standing rule that a court speaks only through its journal, as well as the fact that the judgment is effective only when it is journalized, it is reasonable to infer that the General Assembly assumed that the required findings and reasons could be stated in the court's journalized judgment of conviction and sentence, and not necessarily at the sentencing hearing by way of an oral pronouncement, as the majority has held.

{¶ 38} The majority finds that requiring oral pronouncements at the sentencing hearing also has certain practical benefits. With all due respect, I believe that those benefits are outweighed by the resulting impracticalities. If the sentencing court then repeats its findings or reasons in the journalized entry, any conflict between the two must be resolved in favor of the journal, and the spoken opinion disregarded. *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390, paragraph three of the syllabus. That result would effectively nullify the requirement imposed here. In all likelihood, courts will therefore wholly abandon the practice of stating findings and reasons in the judgment entry, making appellate review pursuant to R.C. 2953.08(G) of these and other sentencing issues, which is likewise a product of the Ohio Criminal Sentencing Commission's recommendations, more problematic. And more appeals will be likely; the recitations these sections require are complex, and verbal fumbles are not uncommon, as anyone who has read his or her own remarks in a transcript can attest. If a "substantial compliance" doctrine then comes to be applied, the General Assembly's ultimate purpose, which is to require a form of substantiation that promotes conformity with the policies and purposes of sentencing which the General Assembly has set out by statute, will be undermined.

{¶ 39} R.C. 2929.14(E)(4) and 2929.19(B)(2) merely require the court to make the mandated findings and to state its reasons for certain of those findings on the record. The court's principal record is its journal; its spoken opinion is but *473 secondary, a point of reference available to resolve any ambiguity in the journalized judgment. *Andrews*. The General Assembly's policy and purposes are wholly satisfied when the required findings and reasons are set out in the judgment entry of conviction. Therefore, I would affirm the judgment of the court of appeals, which held that the required statements may be made either orally, at the sentencing hearing, or in the written judgment of conviction, in order to satisfy the requirements that those sections impose. That holding would render the ineffective-assistance-of- counsel claim in appellant's second proposition of law moot, and I would reject it on that basis.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

(A-7)

793 N.E.2d 473  
2003-Ohio-4165  
**(Cite as: 99 Ohio St.3d 463, 793 N.E.2d 473)**

Page 8

LUNDBERG STRATTON and O'CONNOR, JJ., concur in the foregoing dissenting opinion.

793 N.E.2d 473, 99 Ohio St.3d 463, 2003-Ohio-4165

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

(A-8)

HAMILTON COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO

    Plaintiff

vs.

*Jerbein Mejia*

    Defendant

ENTERED: MAR 13 2000  IMAGE

No. B99-6276A

Judge MARSH

**FELONY SENTENCING FINDINGS**

FACTORS RELEVANT TO SENTENCING (Check appropriate blanks and specify count numbers).

Having considered the overriding purpose of sentencing, punishment of offenders and protection of public from future crime, and having considered incapacitation, deterrence, rehabilitation and restitution to achieve those purposes in accordance with R.C. §2929.11, the Court makes the following sentencing findings:

| COUNT # | APPLICABLE | | |
|---|---|---|---|
| | | (1) | **BALANCE "MORE SERIOUS" 2929.12(B)** |
| | | | (A)—Victim's age or physical/mental condition exacerbated injury |
| | | | (B)—Victim suffered serious physical/emotion/psychological harm |
| | | | (C)—Offender's public office or position of trust played part |
| | | | (D)—Offender's law enforcement occupation/elected office |
| | | | (F)—Offender's elected office or profession facilitated act |
| | | | (G)—Offender's relationship to victim facilitated act |
| 1-7 | ✓ | | (H)—Act was for hire or organized crime |
| | | | (I)—Motivated by race/ethnic/gender/sex/religious prejudice |
| | | (2) | **WITH "LESS SERIOUS" FACTORS 2929.12(C)** |
| | | | (A)—Victim induced or facilitated offense |
| | | | (B)—Offender strongly provoked |
| | | | (C)—Didn't cause/ expect to cause physical harm person/property |
| | | | (D)—Substantial mitigating grounds |
| | | (3) | **BALANCE RECIDIVISM LIKELY 2929.12(D)** |
| | | | (A)—Offender under a type of court control |
| | | | (B)—Prior delinquency or convictions |
| | | | (C)—Unsuccessful probation/parole |
| | | | (D)—Unacknowledged substance abuse pattern |
| | | | (E)—No remorse |
| | | | (F)—Other relevant factor:_____ |
| | | (4) | **WITH RECIDIVISM NOT LIKELY 2929.12(E)** |
| | | | (A)—Offender not previously delinquent |
| | | | (B)—No previous convictions |
| | | | (C)—Law abiding for a number of years |
| | | | (D)—Circumstances unlikely to recur |
| | | | (E)—Genuine remorse |
| | | | (F)—Other relevant factor:_____ |

**COMMENTS:** _____
**PRIOR OFFENSES:** _____

(A-9)

| COUNT # | APPLICABLE | | |
|---|---|---|---|
| | | (5) | IMPOSE PRISON ON F-1/F-2 UNLESS ALL APPLY: 2929.13(D): |

(A)—Non-prison does not demean seriousness of offense;
(B)—Non-prison will adequately punish offender and protect public;
(C)—Decreasing seriousness factors outweigh increasing seriousness;
(D)—There is less likelihood of recidivism.

(6) BEFORE PRISON FOR F-4/F-5 FIND AT LEAST ONE 2929.13(B):

(A)—Physical harm to a person
(B)—Attempt or threat with a weapon
(C)—Attempt or threat of harm and previous conviction for physical harm
(D)—Public trust, office or position
(E)—Act was for hire, or organized crime
(F)—Sex offense
(G)—Previous prison term served
(H)—Offender under community control at time of offense

AND

(I)—Offender is not amenable to community control

AND

(J)—Prison is consistent with sentencing purposes

(7) PRISON TERM MORE THAN MINIMUM for a first time prison term when shortest term alone would: 2929.14(B)

—Demean the seriousness of the offense

AND

—Not adequately protect public

(8) BEFORE IMPOSING MAXIMUM TERM, FIND THAT OFFENDER: (AT LEAST ONE) 2929.14(C)

| 1-7 | ✓ |
| 1-7 | ✓ |

(A)—Has committed the worst form of the offense
(B)—Poses the greatest likelihood of recidivism
(C)—Is a Repeat Violent Offender

OR

| 1-7 | ✓ |

(D)—Is a Major Drug Offender

(9) BEFORE IMPOSING EXTRA 10 YEARS BEYOND MAXIMUM BASIC PRISON TERM: 2929.14(D)

(A)—Make finding of RVO or MDO

AND

(B)—Simple basic maximum term is insufficient to punish offender and protect the public because at least one seriousness factor outweighs likelihood that offender will refrain from future crime

AND

(C)—A simple maximum would demean the seriousness of the offense because
(D)—Offender's conduct is more serious than conduct normally constituting the offense

(10) FOR CONSECUTIVE TERMS: FIND AT LEAST ONE 2929.14(E)(3)

| 1-7 | ✓ |
| 1-7 | ✓ |

(A)—Offender was under community control when offense was committed
(B)—Harm caused was great or unusual
(C)—Offender's criminal history requires consecutive sentence

AND

(D)—Consecutives are necessary to fulfill purpose of R.C.2929.11

ENTERED MAR 13 2000 IMAGE 142

(A-10)

(11) MANDATORY PRISON 2929.13(F)
(12) POST RELEASE CONTROL 2967.28
(13) SENTENCE WAS AGREED UPON BY DEFENDANT AND STATE

(14) PRISON SANCTION:
  (A) FIREARM SPECIFICATION:
    TERM _____ years
    (1, 3, 5, 6 yrs mandatory and consecutive)
  (B) MANDATORY DRUG FINES
    AMOUNT $ CTS 1
    (1/2 the max for each degree)

  (C) FINES: $ _____
  (D) DRIVER'S LICENSE SUSPENSION
    TERM _____
  (E) COURT COSTS _____
  (F) CREDIT FOR TIME SERVED
    AMOUNT _____ DAYS

Upon consideration of all the foregoing factors, IT IS THEREFORE ORDERED AND ADJUDGED by the Court that the defendant shall be sentenced as follows:

On Count 1, for the offense of Possession of Cocaine, a violation of R.C. § 2925.11(A) a felony of the F2 degree, IT IS HEREBY ORDERED that defendant serve a term of 8 years in prison, of which 8 is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925, in addition to any sanctions imposed under item 14 herein.

On Count 2, for the offense of Preparation of Cocaine, a violation of R.C. § 2925.07(A) a felony of the F4 degree, IT IS HEREBY ORDERED that defendant serve a term of 18 months in prison, of which 0 is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925, in addition to any sanctions imposed under item 14 herein.

On Count 3, for the offense of Sell of Cocaine Trafficking, a violation of R.C. § 2925.03(A) a felony of the F1 degree, IT IS HEREBY ORDERED that defendant serve a term of 10 years in prison, of which 10 is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925, in addition to any sanctions imposed under item 14 herein.

On Count 4, for the offense of Possession of Cocaine, a violation of R.C. § 2925.11(A) a felony of the F1 degree, IT IS HEREBY ORDERED that defendant serve a term of 10 years in prison, of which 10 is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925, in addition to any sanctions imposed under item 14 herein.

(For additional counts see attached worksheet)

(15) JURY VERDICT - FINDING OF GUILTY ON ALL SEVEN (7) COUNTS

SENTENCE:
COUNT 1 (F2) = ODC MANDATORY 8 YRS - MANDATORY MIN. FINE OF $7500.
COUNT 2 (F4) = ODC 18 MOS. + C
COUNT 3 (F1) = ODC MANDATORY 10 YRS. - MANDATORY MIN. FINE OF $10,000.
COUNT 4 (F1) = ODC MANDATORY 10 YRS. - MANDATORY MIN. FINE OF $10,000.
COUNT 5 (F4) = ODC 18MOS. + C
COUNT 6 (F1) = ODC MANDATORY 10 YRS - MANDATORY MIN. FINE OF $10,000.
COUNT 7 (F4) = ODC 18MOS. + C

COUNTS 1, 2, 3, 4, 5 & 7 TO RUN CONCURRENTLY TO EACH OTHER BUT CONSECUTIVELY TO COUNT 6

TOTAL SENTENCE = ODC 20 YRS. + FINES

ENTERED
MAR 13 2000
IMAGE 143

____ Correctional treatment facility for _____ (term)
____ Correction center for _____ (term)
____ Hamilton County Justice Center for _____ (term)
____ Other _____

The defendant was notified of his/her right to appeal as required by Crim. R. 32(A)(2).

_____ Marsh
                    Judge

(A-11)

STATE v. _____

        (12) POST RELEASE CONTROL 2967.28
        (13) SENTENCE WAS AGREED UPON BY DEFENDANT AND STATE

(14) PRISON SANCTION:
 (A) FIREARM SPECIFICATION:
   TERM _____ years
   (1, 3, 5, 6 yrs mandatory and consecutive)
 (B) MANDATORY DRUG FINES
   AMOUNT $ _____
   (1/2 the max for each degree)

 (C) FINES: $ _____
 (D) DRIVER'S LICENSE SUSPENSION
   TERM _____
 (E) COURT COSTS _____
 (F) CREDIT FOR TIME SERVED
   AMOUNT _____ DAYS

Upon consideration of all the foregoing factors, IT IS THEREFORE ORDERED AND ADJUDGED by the Court that the defendant shall be sentenced as follows:

On Count _5_, for the offense of _Preparation of Cocaine for Sale_, a violation of R.C. § _2925.07(A)_ a felony of the _F4_ degree, IT IS HEREBY ORDERED that defendant serve a term of _18 mo_ years in prison, of which _8_ is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925, in addition to any sanctions imposed under item 14 herein.

On Count _6_, for the offense of _Possession of Cocaine_, a violation of R.C. § _2925.11_ a felony of the _F1_ degree, IT IS HEREBY ORDERED that defendant serve a term of _10_ years in prison, of which _10_ is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925, in addition to any sanctions imposed under item 14 herein.

On Count _7_, for the offense of _Preparation of Cocaine for Sale_, a violation of R.C. § _2925.07A_ a felony of the _F4_ degree, IT IS HEREBY ORDERED that defendant serve a term of _18 mo_ years in prison, of which _8_ is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925, in addition to any sanctions imposed under item 14 herein.

On Count ____, for the offense of _____, a violation of R.C. § _____ a felony of the _____ degree, IT IS HEREBY ORDERED that defendant serve a term of _____ years in prison, of which _____ is a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or Chapter 2925, in addition to any sanctions imposed under item 14 herein.

(For additional counts see attached worksheet)

(15) COMMUNITY CONTROL SANCTION:
 (A) FINES: $ _____
 (B) MANDATORY DRUG FINES
   AMOUNT $ _____

 (C) RESTITUTION: $ _____
 (D) DRIVER'S LICENSE SUSPENSION
   TERM _____
 (E) COURT COSTS _____

IT IS HEREBY ORDERED AND ADJUDGED that on count(s) _____, for the offense(s) of _____, violation(s) of R.C. § _____ felony(s) of the _____ degree, in addition to any sanctions imposed under item 15 herein, the defendant shall serve _____ [LENGTH OF SENTENCE] of community control, specifically:

____ Community service of _____ hours
____ Monitored time of _____ (term)
____ Electronic monitoring for _____ (term)
____ Work release for _____ (term)
____ Correctional treatment facility for _____ (term)
✓ Correction center for _____ (term)
____ Hamilton County Justice Center for _____ (term)
____ Other _____
(state terms of the residential, non-residential or financial sanction)

The defendant was notified of his/her right to appeal as required by Crim. R. 32(A)(2).

ENTERED
MAR 13 2000
IMAGE 14

(A-12)                                          Judge _____

{¶1} While this appeal was pending, the Ohio Supreme Court decided *State v. Comer*. In *Comer*, the court held that pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), prior to imposing consecutive sentences, the trial court must make the statutorily required findings and provide the rationale supporting those findings on the record at the sentencing hearing. The court explained that "on the record" requires that "*oral* findings must be made at the sentencing hearing." In *Comer*, the trial court had imposed consecutive sentences, but did not make the statutorily required findings and give reasons for those findings at the sentencing hearing. Instead, the trial court had included its findings and supporting rationale in the judgment entry sentencing Comer.

{¶2} With respect to the revised sentencing guidelines enacted by Am.Sub.S.B. No. 2 in 1996, this court has previously held that the trial court complies with R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) if it marks the statutorily required findings on the felony sentencing worksheet and provides its reasons in writing on that worksheet. We have not required that the trial court verbalize its findings and reasons at the sentencing hearing. The *Comer* decision overrules such cases. Accordingly, prior to imposing consecutive sentences, the trial court must now verbalize the statutorily required findings and orally give reasons supporting those findings at the sentencing hearing. Simply marking them on the felony sentencing worksheet does not comply with the sentencing guidelines.

{¶3} Here, the record reveals that the trial court did not verbalize any of the requisite findings at the sentencing hearing. Instead, the trial court made those findings on the felony sentencing worksheet. As we have discussed, under *Comer*, it is now necessary for the trial court to verbalize the statutorily required findings and give reasons for those findings at the sentencing hearing. Thus, we must vacate the imposition of consecutive sentences here and remand to the trial court for further proceedings consistent with this decision and the law. The second assignment of error is well taken.

{¶4} In his third assignment of error, Nyel argues that his right to due process guaranteed by the state and federal constitutions was violated when the trial court held a sexual-offender-classification hearing without providing the notice required by R.C. 2950.09(B)(2). R.C. 2950.09(B)(2) provides that "the court shall give the offender * * * notice of the date, time, and location of the [sexual-offender-classification] hearing." In *State v. Gowdy*, the Ohio Supreme Court held that this notice requirement is mandatory, that failure to provide such notice constitutes plain error, and that notice of the sentencing hearing is not sufficient notice of the sexual-offender-classification hearing.

{¶5} Here, although the trial court provided notice to Nyel and his counsel at Nyel's plea hearing that sentencing would occur on September 18, 2002, it did not provide notice that the sexual-offender-classification hearing would occur on that date as well. But, on September 18, 2002, Nyel and his counsel signed a "Waiver of the Notice of Sexual Offender Classification Hearing," which stated that Nyel wished to proceed with the classification hearing without notice and that he had the right at the hearing to testify, present evidence and call expert witnesses. We note that the waiver was in writing and made knowingly and voluntarily. Prior to the classification hearing, the trial court noted that both Nyel and his counsel had

(A-13)