IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JERBEIN MEJIA, | : | |
| Petitioner, | : | Case No. 1:01-CV-00688 |
| v. | : | JUDGE ARTHUR SPIEGEL |
| DON DEWITT, WARDEN, | : | Magistrate Judge Black |
| Respondent. | : | HABEAS CORPUS |
| | : | |

### FEDERAL CIVIL RULE 60(a) MOTION TO CORRECT ERROR IN SERVICE

Now comes Petitioner, Jerbein Mejia, and hereby respectfully moves this Honorable Court pursuant to *Fed.R.Civ.P. 60(a)* to provide him with a copy of the Court's Order Adopting Report And Recommendation which was issued on March 31, 2004, and amend the docket as to reflect service of this ORDER so as Petitioner may timely file a request to the Sixth Circuit Court of Appeals for permission to appeal pursuant to *Fed.R.App.P. 5(a)(1) & (2)*. A memorandum in support and attached exhibits follow.

Respectfully submitted,

Jerbein Eligio Mejia
Petitioner & Counsel

MEMORANDUM IN SUPPORT

I. Procedural History

On October 9, 2001, Petitioner, through retained counsel, William Richard Gallagher, filed a *28 U.S.C. § 2254* Petition For Writ Of Habeas Corpus. For reasons not relevant here, Petitioner assumed control of his civil action and proceeded pro se on April 21, 2003. On September 10, 2003, Petitioner filed a motion to be placed upon the service list of any and all decisions of this Court. On December 31, 2003, along with the Report And Recommendation of Magistrate Susan Novotny, Petitioner's motion to be served with all decisions was granted. (*See Civil Docket Statement attached hereto and fully incorporated herein as Exhibit "A"*).

II. State Of The Law

*Fed.R.Civ.P. 77(d)*, holds in relevant part that: "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for Rule 5(b) upon each party who is not in default for failure to appear, and shall make note in the docket of service."

*Fed.R.Civ.P. 60(a)*, holds in relevant part that: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from the oversight or omission may be corrected by the court at any time of its own initiative or on

motion of any party and after such notice, if any, as the court orders."

III. <u>Argument In Relation To The Law</u>

On June 29, 2004, Petitioner requested a civil docketing statement from the clerk in order to ascertain the status of his pending habeas petition. On July 15, 2004, the clerk responded by mailing a copy of the requested docketing statement. *(See post marked envelope from office of the clerk attached hereto and fully incorporated herein as Exhibit "B")*. Petitioner received the docketing statement at Ross Correctional Institute on July 19, 2004. It was immediately discovered that on March 31, 2004, Judge Arthur Spiegel, adopted the Magistrate's Report And Recommendation denying Petitioner's habeas petition. *(See Docketing Statement at Entry No. 18)*. Petitioner never received a copy of the Court's March 31, 2004 ORDER even though his pro se motion to be served with all relevant decisions was GRANTED on December 31, 2003. *(See Docketing Statement at Entries 11 & 15)*. As proof of not being served, it is clear from the docketing statement that no note of service exists as is mandated by *Fed.R.Civ.P. 77(d)*.

Notwithstanding the Court's adoption of the Magistrate's Report And Recommendation denying Petitioner relief as well as a Certificate of Appealability, he has been prejudiced by the clerk's failure to serve him with a copy of the decision.

(3)

Pursuant to *F.R.A.P. 5(a)(1) & (2)*, Petitioner had a right to file a request to the Sixth Circuit Court of Appeals, within 30-days of the decision denying relief, for permission to appeal. The clerk's negligence deprived Petitioner of this right. *See Lewis v. Alexander, 987 F.2d 392 (6th Cir. 1993).*

IV. <u>Conclusion</u>

Petitioner maintains that he was deprived of his U.S. Constitutional Fifth and Fourteenth Amendment rights to Due Process and Equal Protection of the law, when he was not served with the final order in his habeas action in that the time limit for filing to the Court of Appeals expired. He therefore requests that this Honorable Court ORDER the clerk to mail a certified copy of the decision, and amend the docket to reflect the date on which Petitioner was served.

V. <u>Prayer For Relief</u>

Petitioner, Jerbein Mejia, hereby prays that this Honorable Court will in all resepects grant the relief requested, and for any other and further relief that the Court deems just and fair.

Respectfully submitted,

*Jerbein Eligio Mejia*
Jerbein Eligio Mejia
Petitioner & Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion pursuant to Federal Civil Rule 60(a), with all attachments was sent via U.S. regular mail to counsel for Respondent, Bruce D. Horrigan, Assistant Attorney General, Corrections Litigation Section, 615 West Superior Avenue, 11th Floor, Cleveland, Ohio 44113-1899 on this 2nd day of August, 2004.

*Jerbein Eligio Mejia*
Jerbein Eligio Mejia
Inmate Number A391-808-00
Ross Correctional Institute
16149 State Route 104
Chillicothe, Ohio
45601-7010
(440) 885-5499