IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

EX PARTE, MATTHEW STEDMAN
Inmate No. A378-933-00
Ross Correctional Institute
16149 State Route 104
Chillicothe, Ohio
45601-7010,

      Movant,

v.

DON DEWITT, WARDEN,

      Respondent.

Case No. 1:01-00688
Mejia v. Dewitt

JUDGE S. ARTHUR SPIEGEL

Magistrate Judge Black

HABEAS CORPUS

## MOTION TO ESTABLISH PROCHEIN AMI REPRESENTATION

Now comes the Movant, Matthew Stedman, on behalf of Petitioner, Jerbein Mejia, and hereby respectfully moves this Honorable Court, for its ORDER recognizing him as Petitioner's *prochein ami* representative in the above captioned case, or in any other and further litigation relating to this action. A memorandum in support and various exhibits follow.

Respectfully submitted,

*Matthew Stedman*
Matthew Stedman, Movant

## MEMORANDUM IN SUPPORT

I. <u>Procedural History</u>

Since approximately the Spring of 2002, Matthew Stedman has prepared and filed [all] state and federal court pleadings on behalf of Petitioner, Jerbein Mejia.(See Affidavit of Jerbein Mejia, attached hereto and fully incorporated herein as Exhibit "A"). Mr. Mejia's self-representation stemmed from a failure of his retained counsel, William Gallagher, to communicate with him or his family and friends.(See letter to counsel, dated November 15, 2002 attached hereto and fully incorporated herein as Exhibit "B"); (See also Petitioner's Motion To Stay And Abey Habeas Proceedings & Addendum marked as Entry Numbers 6 and 7 on Civil Docket Statement for Case No. 1:01-CV-00688).

II. <u>State Of The Law</u>

*Prochein ami* or what is known as "next-friend" representation is where an individual, not the person being detained, files pleadings on behalf of the detained person in their best interests. *See Generally Ex Parte Dostal, 243 F. 664, 668 (N.D. Ohio 1917); Whitmore v. Arkansas, 495 U.S. at 163 (1990).*

To establish "next-friend" jurisdiction, the third party petitioner first must establish that they are proceeding in the detained persons, and not their own or some other party's behalf, i.e., that they are prepared to conduct the litigation for the benifit of the detained person alone. *Whitmore, supra, at 163.*

(2)

Although some courts have alluded to a requirement of a "close personal relationship" or "significant... connection", *Davis v. Austin*, 492 F.Supp. 273, 275-76 (N.D. Ga. 1980), between the third-party petitioner and the person in custody, other courts however, have permitted fellow inmates to proceed on their behalf. *Franz v. Lockhart*, 700 F.Supp. 1005, 1014, 1024-25 (E.D. Ark. 1998). Although a detained persons express authorization of a third-party to proceed in his behalf is not required, *Gilmore v. Utah*, 429 U.S. 1012 (1976), the fact that the real party in interest has authorized a third-party to proceed in his behalf goes most of the way toward establishing the *bona fides* of the third-party's interests in bringing the action. *Rosenberg v. United States*, 346 U.S. 273, 291-92 (1953).

The second jurisdictional requirement for "next-friend" petitions is that there be some reason why the third-party is better placed than the prisoner to bring the lawsuit and control its prosecution. *Demosthenes v. Baal*, 495 U.S. 731, 733 (1990). In situations in which the prisoner either authorizes the third-party to proceed in his behalf or gives no indication of opposing the suit, the courts have recognized a number of reasons why a third-party is better placed to proceed than the prisoner. These reasons may include the prisoner's youth, *Whitmore, supra* at 163 n.4, language difficulties, *United States ex rel. Bryant v. Houston*, 273 F. 915 at 916 (2nd Cir. 1921) (Dicta), illiteracy or poor education, *United States ex rel. Sero v. Preiser*, 506

(3)

F.2d at 1126 (2nd Cir. 1974), and physical and mental impairments. Demosthenes, supra, at 734.

III. Argument In Relation To The Law

The attached Affidavit marked as Exhibit "A" firmly establishes that Petitioner, Jerbein Mejia, believes that the Movant is acting in his best interests and is prepared to proceed in any future litigation. Ex Parte Dostal, 243 F. 664, 668 (N.D. Ohio 1917); Whitmore v. Arkansas, 494 U.S. at 163 (1990). Thus, Movant has met the first part of the jurisdictional requirement. And next, Petitioner, Jerbein Mejia, as indicated by the attached affidavit marked as Exhibit "C" and fully incorporated herein, is a Dominican national with very limited English language skills which prohibit him from reading and writing as well as communicating with the courts. Ergo, there is a definative need for Petitioner to receive assistance in his legal endeavors. United States ex rel. Bryant v. Houston, 273 F. 915 at 916 (2nd Cir 1921); United States ex rel. Sero v. Preiser, 506 F.2d at 1126 (2nd Cir. 1974). Accordingly, Movant has met the second necessary jurisdicttional requirement to establish "next-friend" representation.

Movant concedes that this request to the Court comes some what later in the litigation process, however, the need to be recognized in the event of an institutional transfer now forces such a motion. If the relief requested is granted, Petitioner may rest assured that no matter where he resides his best interests

are being maintained in this Court, the Sixth Circuit Court of Appeals or even the United States Supreme Court.

IV. Requested Relief

Movant respectfully requests that he be recognized as Petitioner Jerbein Mejia's *prochein ami* for purposes of any future litigation in this or any other action, and that he be served with all relevant decisions issued. And alternately, if this Court selects not to grant relief, Movant requests that he be placed upon the service list pursuant to *Federal Civil Practice Rule 5(B)(1) & 77(d)*.

WHEREFORE, Movant prays that this Honorable Court will in all respects grant the requested relief, and for any other and further relief that the Court deems just and fair.

Respectfully submitted,

*Matthew Stedman*
Matthew Stedman, Movant

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon counsel for Respondent, Bruce D. Horrigan, Assstant Attorney General, Corrections Litigation Section, 615 West Superior Avenue, 11th Fl., Cleveland, Ohio 44113 by U.S. regular mail on this 2nd day of August, 2004.

*Matthew Stedman*
Matthew Stedman
Inmate No. A378-933-00
Ross Correctional Inst.
16149 State Route 104
Chillicothe, Ohio
45601-7010
(440) 885-5499