UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERBEIN MEJIA,                          :
                                        :  NO. 1:01-CV-00688
        Petitioner,                     :
                                        :
                                        :  **ORDER**
    v.                                  :
                                        :
                                        :
DON DEWITT,                             :
                                        :
        Respondent.                     :
                                        :


On October 9, 2001, Petitioner Jerbein Meija ("Meija")
filed the instant petition for a writ of habeas corpus pursuant to
28 U.S.C. § 2254, later amended on June 30, 2003 (docs. 1, 8).  On
December 31, 2003, the assigned Magistrate Judge issued a Report
and Recommendation (doc. 15) recommending that Meija's amended
petition be denied and that he should be denied leave to proceed in
forma pauperis on appeal (doc. 15).[1]  Meija filed his objections

_____

[1] On August 21, 2003, the prior Magistrate Judge assigned to
this case issued a Report and Recommendation (doc. 9)
recommending that Meija's earlier motion to stay the instant
proceedings (doc. 6) be denied as moot.  By Order dated March 31,
2004, this Court adopted this recommendation (doc. 18).
Petitioner, however, apparently believes that the March 31, 2004
Order adopted the December 31, 2003 Report and Recommendation
recommending denial of his petition; claiming that he never
received service of the March 31, 2004 Order, he seeks to have
the record amended to permit him to appeal this Order "denying
Petitioner's habeas petition" (doc. 19).  The Court's March 31,
2004 Order, however, did not address the December 31, 2003 Report
and Recommendation addressing the merits of his claim; the
instant Order now does so.  To the extent that Meija seeks to
amend the record to permit him to appeal, his motion is
unfounded, and it will be denied as moot.

thereto on February 2, 2004 (doc. 17); to date, the Respondent has failed to file a response, rendering the matter ripe for decision.

Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the Report and Recommendation de novo, and it finds it both well reasoned and proper. The Magistrate Judge accurately summarized the record in the case and applied the correct legal analysis in reviewing the claims. Meija waived his claims that the prosecutor improperly vouched for a witness and/or impermissibly shifting the burden of proof to Meija by failing to object to either at his trial, and the state appeals court's decision that his counsel's failure to do so, on the record before the Court, was neither contrary to nor an unreasonable application of existing Supreme Court precedent. He failed to demonstrate that his counsel's performance was constitutionally ineffective, rendering this ground for relief deficient as well. Finally, he procedurally defaulted on his remaining claims surrounding his sentencing by failing to present them to the state courts within the time allotted for review, particularly in light of the fact that the Court's finding that his ineffective assistance of appellate counsel claim has been procedurally defaulted. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000). Petitioner's objections raise no new legal arguments not previously considered and properly disposed of by the Magistrate Judge in the Report and Recommendation; rather, they attempt to argue the substance of many of the underlying claims

rather than the procedural issues upon which their disposition turns in this case.  As a result, the Court finds the objections unfounded.

The only remaining question for consideration by this Court concerns Meija's right of appeal of this Order.  The Supreme Court of the United States has held that whenever a petitioner seeks to appeal dismissal of a petition after April 24, 1996, his right to do so is governed by 28 U.S.C. § 2253.  See Slack v. McDaniel, 529 U.S. 473, 481-82 (2000).  This statute provides that a petitioner may only appeal a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" if this Court or "a circuit justice" issues a "certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1).  In Slack, the Supreme Court established a two-prong test for determining when a district court should issue a COA in cases where, as here with respect to Meija's first, third, and fourth claims for relief, the petition is dismissed on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

-3-

<u>Slack</u>, 529 U.S. at 484.  In his objections, Meija failed to advance any substantive caselaw raising a serious dispute that the procedural ruling adopted by this Court is incorrect.  In any case, the Court has little difficulty concluding that, on these facts, "reasonable jurists" could not "find it debatable" that Meija's claims were procedurally defaulted.  <u>Slack</u>, 529 U.S. at 484. Having found that the second prong of the <u>Slack</u> standard has been found wanting in this case, the Court need not address whether "jurists of reason would find it debatable whether the petition states a valid claim for the denial of a constitutional right." <u>Id</u>.

Finally, before a certificate of appealability may issue with respect to his second claim, averring that his counsel was constitutionally ineffective in failing to raise various objections during his trial and in failing to cross-examine a prosecution witness adequately, the Petitioner bears the burden of making a "substantial showing [that] the denial of a constitutional right" occurred in his case.  28 U.S.C. § 2253(c)(2).  On this record, the Court concludes that the Petitioner has failed to demonstrate that reasonable jurists could debate whether his petition states a "valid claim for the denial of a constitutional right" or that his presentation was "adequate to deserve encouragement to proceed further."  <u>Slack</u>, 529 U.S. at 483-84, <u>quoting</u> <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983).

-4-

For the foregoing reasons, the Magistrate Judge's Report and Recommendation (doc. 4) is hereby ADOPTED IN ITS ENTIRETY. Meija's Amended Petition for Writ of Habeas Corpus (doc. 8) is DISMISSED. This Court DECLINES to issue a certificate of appealability in this case. Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that an appeal of this Order may not be taken in good faith. Petitioner is therefore DENIED leave to proceed <u>in forma pauperis</u> on appeal of this Order. Petitioner's Motion to Correct Error in Service (doc. 19) is GRANTED IN PART and DENIED IN PART, to wit: his motion to provide him with a copy of this Court's Order dated March 31, 2004 is GRANTED, and his motion to amend the docket is DENIED AS MOOT. The Clerk is hereby ORDERED to serve Meija with a copy of this Court's March 31, 2004 Order (doc. 18). Petitioner's Motion to Establish <u>Prochein Ami</u> Representation (Doc. 20) is DENIED AS MOOT.

SO ORDERED.


Dated: <u>August 10, 2004</u>         <u>s/S. Arthur Spiegel</u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge