RECEIVED
SEP 07 2004
LEONARD GREEN, Clerk

IN THE SIXTH CIRCUIT COURT OF APPEALS

FILED
SEP 07 2004
JAMES BONINI, Clerk
CINCINNATI, OHIO

| | | |
|---|---|---|
| JERBEIN MEJIA | : | |
| Petitioner, | : | Case No. |
| v. | : | |
| DON DEWITT, | : | Originating In The U.S. District Court For The Southern District Of |
| Respondent. | : | Ohio, Western Division |
| | : | Case No. 1:01-CV-00688 |

---

### PETITION FOR PERMISSION TO APPEAL

---

JERBEIN ELIGIO MEJIA
Inmate Number A391-808-00
Ross Correctional Institute
16149 State Route 104
Chillicothe, Ohio
45601-7010

PETITIONER

MATTHEW ROBERT STEDMAN
Inmate Number A378-933-00
Ross Correctional Institute
16149 State Route 104
Chillicothe, Ohio
45601-7010
(440) 885-5499

PROCHEIN AMI FOR PETITIONER

BRUCE D. HORRIGAN
Assistant Attorney General
Corrections Litigation Section
615 West Superior Avenue
11th Floor
Cleveland, Ohio 44113

COUNSEL FOR RESPONDENT

IN THE SIXTH CIRCUIT COURT OF APPEALS

| | | |
|---|---|---|
| JERBEIN MEJIA | : | |
| Petitioner, | : | Case No. |
| v. | : | Originating In The U.S. District Court For The |
| DON DEWITT, | : | Southern District Of Ohio, Western Division |
| Respondent. | : | Case No. 1:01-CV-00688 |
| | : | |

PETITION FOR PERMISSION TO APPEAL

Now comes the Petitioner, Jerbein Mejia, by and through his prochein ami representative, Matthew Robert Stedman, and hereby respectfully moves this Honorable Court, pursuant to Federal Rule of Appellate Procedure (5), for permission to appeal the dismissal of his 28 U.S.C. § 2254 habeas petition which was finalized on August 10, 2004. A memorandum in support is attached.

Respectfully submitted,

By: *Matthew Robert Stedman*
Matthew Robert Stedman

MEMORANDUM IN SUPPORT

Petitioner, Jerbein Mejia (hereinafter Petitioner), hereby respectfully requests permission to appeal to this Court for the following reasons:

I. Statement Of Facts

On December 31, 2003, the assigned magistrate judge, from the United States District Court for the Southern District of Ohio, Western Division at Cincinnati, filed a Report & Recommendation that Petitioner's § 2254 Amended Habeas Petition be dismissed, and that leave to proceeed in forma pauperis to the Sixth Circuit be denied. (See Attached ORDER in Appendix, hereinafter referred to as Exhibit "A").

In Denying Petitioner's habeas petition, the district court held that his Fourth and Fifth Claims for relief were procedurally barred due to Petitioner's failure to timely file an application for reopening to the state court. (See Magistrate's R & R). Petitioner fully conceded in both his Traverse and Objections that the claims may have in fact been defaulted. However, it was though argued that "cause and prejudice" could be demonstrated for the procedural default. Murray v. Carrier, 477 U.S. 478 (1986). And, that failure to review the claims would "result in a fundamental misscarriage of justice." Coleman v. Thompson, 501 U.S. 722 at 750 (1991). (See Petitioner's Traverse and Objections).

II. <u>Proposed Questions For Review</u>

Since the inception of this action, which originated in the state court of appeals on an application for reopening pursuant to Ohio's App.R. 26(B), Petitioner has vigorously maintained two (2) "causes" for his procedural default. First and foremost, that because of his failure to understand the English language, Petitioner was unable, on his own, to discover that an error had been made at his sentencing hearing, and then timely present that claim to the state courts. And second, that due to ineffective assistance of appellate counsel, Petitioner did not present the sentencing claim on direct appeal.

In regard to Petitioner's language inabilities as "cause" for his failure to timely file in the state court, the magistrate stated in the R & R that Petitioner's "pro se status" was insufficient to demonstrate "cause". See e.g., <u>Hannah v. Coneley</u>, 49 F.3d 1193, 1197 (6th Cir. 1995). However, the magistrate failed completely to consider Petitioner's total inability to <u>read</u>, <u>write</u>, or fluently <u>speak</u> the English language. Therefore, Petitioner's first two (2) proposed questions for review are to wit:

1) Can a non-English speaking foreign national be reasonably expected to timely discover and present on his own a sentencing error that a qualified attorney overlooked on direct appeal?

2) Can an individual's inability to read, write or speak the English language serve as "cause" to overcome a procedural default even though it is not an objective factor "external" to them?

III. Argument In Relation To The Law

The Supreme Court explained in Murray v. Carrier, 477 U.S. 478, 488 (1986) the "cause and prejudice" requirement. The Court held that the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor "external" to the Petitioner impeded his efforts to comply with the state procedural rule.

Regardless of the Supreme Court's ruling in Murray, some courts however, have recognized mental illness as "cause", even though such is not per se "external" but rather an internal factor. See Holt v. Boxer, 191 F.3d 970, 974 (8th Cir. 1999). In Holt, the Eighth Circuit Court of Appeals held that petitioner's mental illness demonstrated "cause" for his failure to timely file a post-conviction petition in the state court, as his illness affected his ability to "appreciate his position and make rational decisions". In the case sub judice, it can reasonably be argued that Petitioner likewise had an actual handicap that affected his ability to "appreciate his position and make rational decisions."

Specifically, Petitioner was handicapped because he was unable to: 1) read the English language, which deprived him of [any] ability to perform legal research, understand his sentencing transcripts, or for that matter comprehend the simplest if texts; 2) write the English language, which deprived him of [any] ability to prepare pleadings, or on his own, correspond with retained

appellate counsel, and; 3) fluently <u>speak</u> the English language, which deprived him of [any] ability to speak to his attorney, express any want's or wishes in his case, or communicate with English-speaking inmate library aids in regard to situation.

This was not a situation where Petitioner was an illiterate U.S. Citizen, someone who might not have been able to read or write, but surely could have asked questions and understood advice. No, this was a man from the Dominican Republic arrested in Ohio while on a "tourist visa". Someone who was initially provided with a translator to assist him at trial, as he could not communicate with police, court officials or his own appointed counsel. However, following his conviction, his Spanish-speaking family retained appellate counsel. Said counsel did not once communicate with Petitioner in a language he could understand, let alone tell him that he failed to present all relevant issues on appeal. Likewise, as has previously been argued, Ross Correctional Institute, where Petitioner is incarcerated, does not provide [any] Spanish translated legal material, or for that matter, bilingual legal aids. Petitioner did not even have the basic knowledge of the court system like most all other Americans who watch police and court dramas on television. Therefore, he was left in no better a position than a juvenile or mentally incompetent person, for purposes of making rational, informed and intelligent decisions about his case. Ergo, this Honorable Court should accept the proposed questions, thereby clarifying for the entire jurisdiction whether

or not a foreign national's [total] failure to understand the English language can constitute a recognizable "cause" to overcome a procedural default.

IV. Ineffective Appellate Counsel

In the district court's R & R, the magistrate held that counsel's ineffectiveness could not be used as "cause" for Petitioner's procedural default, as even if counsel had presented the sentencing error on direct appeal, it would have been unsuccessful, thus, counsel could not be ineffective.

Petitioner, in his objections disagreed with the aforementioned analysis, and based his argument on a then recent decision by the Ohio Supreme Court. See State v. Comer, 793 N.E. 2d 473 (2003).

In Comer, like in the case at bar, the defendant was sentenced in violation of Ohio Revised Codes § 2929.14 & § 2929.19. Specifically, when the trial court sentenced Comer to non-minimum and consecutive terms, it failed to make an [oral] finding of fact and conclusion of law on the record. Comer's appellate counsel failed to raise this claim on direct appeal, and later conceded in an affidavit that she had erred. The Ohio Public Defender's Office took over the case, and the claims of ineffective counsel and the sentencing error were presented via an App.R. 26(B) application for reopening of direct appeal. The court granted the application but ultimately denied the underlying claims. In denying the claims, the Lucas County Court of Appeals held that in it's district only a written finding of fact was required to fully comply with Ohio Revised Codes § 2929.14 & § 2929.19, thus

counsel was not ineffective. Following the court's rejection of Comer's argument, counsel immediately filed a motion to certify a conflict with the Ohio Supreme Court, as about half of Ohio's appellate districts believed that only a written finding was required to comply with § 2929.14 & § 2929.19 while the other districts held that both a written and oral finding had to be made at the sentencing hearing. The Ohio Supreme Court certified the conflict and Comer was granted relief.

V. Argument In Relation To The Law

Petitioner maintains that had his attorney pursued the same reasonable representaion as Comer's second appellate counsel, he too would have ultimately received relief in the state court.

In the case at bar, Petitioner, in the same year as the defendant in State v. Comer, was illegally sentenced to both maximum and consecutive terms in violation of ORC § 2929.14 & § 2929.19. In fact, Petitioner's district in Hamilton County held the same position as the Lucas County Court of Appeals where Comer was sentenced in 1999. Therefore, if Comer's counsel had enough forethought to anticipate the Supreme Court's acceptance of the conflict in the various districts, then why did Petitioner's qualified attorney not do the same. Therefore, the question proposed to this Court is to wit:

   3)    When a sentencing law is in conflict among state appellate districts, and the issue has not been resolved by the state's highest court, is an attorney ineffective for not raising the claim on direct appeal, even though it may initially be unsuccessful, but may then be certified to the state's highest court with a more than reasonable chance of success?

For a default to be excused on ineffective assistance of counsel grounds, there must be a showing that the default took place at a stage of the proceedings at which the petitioner was constitutionally entitled to effective assistance of counsel, Coleman v. Thompson, 501 U.S. 755 (1991), and that counsel's "performance [was]...constitutionally ineffective under the Strickland standard of review, 466 U.S. 668 (1984). Moreover, to serve as "cause" for a procedural default, the ineffective assistance claim must have been presented to the state courts in a manner capable of adequately preserving that kind of substantial claim for relief for federal habeas corpus review, or, if the claim was defaulted in state court, it must nonetheless be available for federal review by virtue of some doctrine which excuses the default. Edwards v. Carpenter, 529 U.S. 446, 450-54 (2000).

Counsel's performance may be found to have been constitutionally ineffective on either of two (2) grounds: 1) counsel's conduct in failing to comply with a procedural rule was in and of itself so egregious that it satisfies the standard set forth in Strickland v. Washington for ineffective counsel. Edwards v. Carpenter, supra, at 451, and; 2) counsel's conduct with regard to the procedurally defaulted issue was only arguably incompetent but the rest of the representaion was clearly so, hence the "overall fairness of the entire proceeding" was impugned. Wainwright v. Sykes, 433 U.S. at 96 (1977).

In the case sub judice, Petitioner had an absolute right to effective assistance of appellate counsel. Therefore, his counsel had an affirmative obligation to present on appeal, [all] viable claims that could either secure Petitioner's freedom or reduce the time of his incarceration. Petitioner's illegal sentence was a bona fide reversible error. <u>State v. Comer</u>, 793 N.E. 2d 473 (2003). Concerning this type of claim, the United States Supreme Court, in <u>Hicks v. Oklahoma</u>, 477 U.S. 343, 346 (1980), held that state laws guaranteeing a defendant procedural rights at sentencing may create liberty interests protected against arbritrary deprivation by the Fourteenth Amendment. Ohio provides a specific method for determing whether a certain sentence may be imposed. <u>O.R.C. § 2929.11-19.</u> Therefore, by counsel's failure to present this cognizable federal constitutional violation to the state appellate court he was in effect negligent. Ergo, prejudice should be presumed and this Honorable Court should allow Petitioner's proposed question to determine if "cause" has been demonstrated for his procedural default.

VI. <u>Conclusion</u>

Petitioner maintains that he has presented sufficient operable facts to invoke this Court's jurisdiction under Federal Rule of Appellate Procedure (5), and that the proposed three (3) questions should be allowed to proceed on appeal.

WHEREFORE, your Petitioner prays that the relief sought in the within petition will in all respects be granted and for any other and further relief this Honorable Court deems just and fair.

## PROOF OF SERVICE

I hereby certify that a true copy of the foregoing Petition For Permission To Appeal was served upon Bruce D. Horrigan, Assistant Attorney General, Corrections Litigation Section, 615 West Superior Avenue, 11th Floor, Cleveland, Ohio 44113 by U.S. regular mail on this 1st day of September, 2004.

Matthew Robert Stedman
Prochein Ami
Inmate Number A378-933-00
Ross Correctional Institute
16149 State Route 104
Chillicothe, Ohio
45601-7010
(440) 885-5499