No. 04-4379

FILED
JAMES BONINI
CLERK UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

05 MAY 16 PM 4: 44

**FILED**

MAY 1 3 2005

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JERBEIN MEJIA, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DON DEWITT, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

1: 01 cv 688

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By Nancy Barnes
Deputy Clerk

Jerbein Mejia appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Mejia has moved for a certificate of appealability pursuant to Fed. R. App. P. 22(b). He also seeks leave to proceed in forma pauperis.

In 2000, Mejia was convicted of multiple drug offenses for which he received an aggregate sentence of twenty years. After exhausting his available state court remedies, Mejia filed his habeas corpus petition arguing: 1) that his conviction was obtained through the use of prosecutorial misconduct; 2) that his trial counsel was ineffective; 3) that the trial court abused its discretion when it imposed the maximum and consecutive terms of incarceration; and 4) that his appellate counsel was ineffective. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as without merit.

In his request for a certificate of appealability, Mejia claims that his inability to speak English was the reason for his failure to discover his sentencing error argument and establishes cause to excuse his procedural default. Mejia also continues to assert that his appellate counsel was ineffective.

With the exception of his ineffective assistance of trial counsel claim, the district court found Mejia's arguments were procedurally barred from review. Regarding Mejia's ineffective assistance of appellate counsel claim, Mejia presented the argument in his application for reopening pursuant

to Ohio R. App. P. 26(B).  The Ohio Court of Appeals denied the application as untimely and the

Ohio Supreme Court dismissed the appeal as not involving a substantial constitutional question.

Mejia's argument was accordingly deemed barred from review by the state courts of Ohio.  *See*

*Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002).  Although Mejia asserts that his inability

to understand English establishes cause to excuse his default, the inability to speak or comprehend

English is not considered an acceptable excuse to waive the default.  *Vasquez v. Lockhart*, 867 F.2d

1056, 1058 (8th Cir. 1988).  Further, Mejia has not established that he is actually innocent of the

drug offenses.  *See Murray v. Carrier*, 477 U.S. 478, 492-97 (1986).

Accordingly, the court denies Mejia a certificate of appealability as to all issues raised in the

district court.  However, his request for leave to proceed in forma pauperis is granted.

ENTERED BY ORDER OF THE COURT

Clerk